### C. E. HYROOP v. THE STATE.

#### No. 3642.    Decided June 25, 1915.

#### Rehearing denied November 10, 1915.

**1.—Unlawfully Practicing Medicine—Information.**

Where, upon trial of unlawfully practicing medicine, the information was according to approved precedent, there was no error in overruling a motion to quash. Following Collins v. State, 68 Texas Crim. Rep., 354, 152 S. W. Rep., 1047.

**2.—Same—Constitutional Law.**

The Medical Practice Act is constitutional, and has been so held by this and the Supreme Court of the United States. Following Collins v. State, supra.

**3.—Same—Accomplice—Detective.**

Where, upon trial of unlawfully practicing medicine, the evidence showed that some of the witnesses who were treated by defendant as a practicing physician were detectives, the contention of defendant, that this made them accomplices and the court should have so instructed the jury, is untenable as they were not accomplices.

**4.—Same—Evidence—Masseur.**

Where, upon trial of unlawfully practicing medicine, the defendant contended that he was a masseur, and therefore did not have to obtain and register a certificate, there was no error in permitting the State to show that he was treating disease by other means and methods than that usually ascribed to a masseur, and also to show that defendant had an account at a drug store for medicines, etc.

**5.—Same—Evidence—Masseur—Advertising.**

Where, upon trial of unlawfully practicing medicine, the record showed that defendant did not state, in offering his testimony, that he could have proved by his witnesses that his treatment was that of a masseur in his particular sphere of labor, there was no error; besides the fact that he advertised and held himself out as a masseur would not prevent the State from showing that he treated his patients by other means than those customarily used by a masseur in his particular sphere of labor, and it was not necessary to show that he actually administered medicine.

**6.—Same—Evidence—Circular—Advertising.**

Upon trial of unlawfully practicing medicine, there was no error in the court's refusal to sustain defendant's objection to admitting in evidence the circular which defendant used for advertising purposes, as defendant admitted this fact, and there was no error to refuse to permit witnesses to testify as to its contents, and if he practiced as a physician, the fact that he did not so hold himself out was no defense.

Appeal from the County Court of Tarrant.  Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $500 and ten days confinement in the county jail.

The opinion states the case.

*Roy & Rowland, Mike E. Smith, Baskin, Dodge & Baskin,* and *G. W. Dunaway,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was adjudged guilty of unlawfully practicing medicine.  As the second count in the information, at least, is not subject to the objection leveled at it, and the conviction being general and can be applied to either count, the court did not err in overruling the motion to quash it.  This count in the information is drawn in terms frequently approved by this court.  Collins v. State, 68 Texas Crim. Rep., 354, 152 S. W. Rep., 1047, and cases there cited.  Neither is the medical practice Act unconstitutional as has been heretofore held by this court, and the United States Supreme Court.  Collins v. State, 223 U. S., 288; 56 Law. Ed., 439.

R. E. Tyler testified that he went to the office of appellant, and complained that he had appendicitis, and told appellant that he had had a violent attack some five weeks before his visit.  Appellant told him he did not look like a man that had appendicitis, but that he was suffering from inflammation of the colon, and proceeded to treat Tyler for that affliction, saying he could cure him in a little while.  Appellant first gave Tyler an enema, saying it was necessary to wash out his stomach.  He then had Tyler to lie down and rolled two pillows, placing one under his hips and the other under his chest, there being nothing under the center of the body.  He then mashed him up and down, pushing him clear to the table.  After giving this treatment for a while, he placed Tyler on another table, and gave him an electric treatment with an electrode, later so using the electrode as to produce what is called the violet ray.  Without going into further details of the treatment, he told Tyler when leaving that he must eat nothing but soup and milk, and leave off all heavy diets, especially meat.

As a matter of fact, Tyler was not sick with any disease or disorder when he went to see appellant, but went there at the instance of others to see whether or not appellant was practicing medicine, within the provisions of the medical practice Act, and making a charge therefor.  Tyler paid appellant three dollars for the treatment.

G. W. Day testified he went with Tyler, and testifies to, in substance, the same state of facts as did Tyler.

Appellant contends this made them accomplices and the court should have so instructed the jury.  These men, knowing or believing that appellant was practicing medicine in violation of law, went there to

detect him, and under no rule of law we know of would their acts constitute them accomplices.

Appellant objected to the testimony of Joseph Winterman, who testified appellant treated him for an affection of the hand and arm. That his hand just hurt, elbow ached, and muscles of the arm hurt. Appellant treated him for some time, and charged him $25. He gave Winterman an electric treatment with a battery and also gave him what is termed a "hot air" treatment, putting the hand in a "sweat box." That appellant told him he could cure him, but he did not do so, although he underwent treatment for some two or three months. Appellant's contention was that he was a "masseur" and, therefore, did not have to obtain and register a certificate; as this was his contention it was permissible for the State to show that he was treating disease by other means and methods than that usually ascribed to a masseur, and the court did not err in admitting this testimony. Nor in admitting that he had an account at a drug store for medicines, and in one instance had prescribed and furnished a salve for a sore on the leg of a patient.

The testimony of Tyler and Day was clearly admissible, and the objections urged to certain portions thereof are untenable.

The testimony of the witnesses Brown, Castello and Day, excluded by the court, presents no error. Appellant does not state that he expected to or could have proven by the witnesses that the treatment given by him to Tyler, and which he admitted giving, was the treatment of a "masseur" in his particular sphere of labor. It is true he offered to prove by these witnesses that a "masseur" treatment was good for certain character of ailments, but the fact that he advertised and held himself out as a masseur would not prevent the State from showing, if it could, that he treated his patients by other means than those customarily used by a masseur, in his particular sphere of labor. The giving of enema treatment by electric machinery, and by the use of a hot air apparatus does not come within the means and modes usually ascribed to the sphere of a masseur in the treatment of a disease and as used by them aforetimes, and could not come within the exemption as defined by the Legislature in exempting a masseur in his sphere of labor. Appellant seems to think the treatment must·have been by administering medicines before he would be included within the prohibition of the law. Article 5745 of the Revised Statutes reads: "Any person shall be regarded as practicing medicine within the meaning of this law:

"1. Who shall publicly profess to be a physician or surgeon and shall treat or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any given system or method, or to effect cures thereof.

"2. Or who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation." (McEachin's Rev. Stats.)

This article was construed in Ex parte Collins, 57 Texas Crim. Rep., 80, and the construction therein is the correct one and has always been adhered to.

If appellant could have proven that the particular sphere of a masseur was "manipulating, stroking, kneading, tapping or beating the body by hands or mechanical means," this would not have embraced the treatment shown to have been given Tyler on his visit to his office, and would be immaterial in this case.

As appellant admitted the circular introduced in evidence was one he used for advertising purposes, the court did not err in refusing to sustain his objection to its admissibility. This would likely show in what way he held himself out. Of this we can not judge, for, although it was introduced in evidence it is not contained in the record. The circular when introduced would speak for itself, and it was not error to refuse to permit witnesses to testify as to its contents. There does not appear to have been used any terms needing explanation, at least the bill does not so state nor contend. The fact he did not hold himself out as a "physician and surgeon" would not prevent his conviction if he practiced medicine within the meaning of that term as defined in the Revised Statutes.

We have carefully read each of the bills of exceptions and are of the opinion that none of them present error and the judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied November 10, 1915. This case did not reach the Reporter until April, 1916.—Reporter.]