# MAY, 1921

### EUGENE FRANKLIN V. THE STATE.

No. 6061.    Decided May 4, 1921.

**1.—Intoxicating Liquors—Possession—Dean Act—Accomplice Testimony.**

Where, upon trial of having in his possession intoxicating liquors in violation of the Dean Act, the conviction depended upon accomplice testimony, the court should have submitted a charge on that phase of the law and this would be true of the general statute independent of the Dean Law.

**2.—Same—Constitutional Law—Possession.**

Appellant's contention that the indictment in the instant case should have been quashed because the provisions of what is known as the Dean Law, with reference to the possession of intoxicating liquor, is contrary to the holding of the Supreme Court of the United States, is untenable. Distinguishing Street v. Lincoln Safe Dep. Co., 41 Sup. Ct. Reports, 31.

**3.—Same—Defendant's Explanation—Agent—Evidence—Mitigation of Punishment.**

Where, upon trial of possession of intoxicating liquors in violation of the Dean Act, the evidence showed that defendant was in possession of said liquor, he should have been allowed to show that he was not transporting it for himself but for other parties as their agent, in mitigation of the punishment.

Appeal from the District Court of Kaufman.    Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of a violation of the Dean Act; penalty, two years and six months imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.—On questional of Constitutional Law: Bell v. State, 137 S. W. Rep., 675; Knight v. State, 158 S. W. Rep., 544; White v. State, 198 S. W. Rep., 964.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for having in his possession intoxicating liquor not for medicinal, scientific or sacramental purposes, and his punishment fixed at two years and six months in the penitentiary.

The State's evidence places the intoxicants in his possession in an automobile. He was found in the car by the officers with one Andrew Wilson, who was driving it. The whisky was taken, and appellant was shot by one of the officers. The connecting testimony is given by Wilson. He says: "Along about the 25th of May, or the latter part of May, this year, Eugene Franklin and I went north from Terrell up about Greenville. On that occasion I was hired by Eugene Franklin

to go to Greenville and just before I got to Greenville, just opposite the College, which is there in Greenville, I met an automobile and Eugene Franklin told me to stop, that that was the man he was looking for; he met the man and took a grip out of that car and put it in my car." They then started on the return to Terrell, and on the way back met the officers who stopped the car. They got the grip out of witness's car which appellant had gotten from the other car near Greenville. Appellant and the witness Wilson were the only people in the automobile which was stopped by the officers. There was no other grip in the car besides the one appellant put in it. As the record is presented it may be taken as true that appellant had the whisky; that he hired the man Wilson and his car to go with him after it; that they received it in Hunt County and brought it back into Kaufman County, where they were arrested and the whisky taken. The court did not charge on accomplice testimony, as it related to Wilson, and exception was reserved to the failure to do so. Wilson says he was a jitney driver and had been hired by appellant to make this trip. He says in his testimony that he "does not know who appellant went after that liquor for; that he did not tell the witness, and the witness claimed he had never gone after any other whisky." The record leaves us in doubt as to whether Wilson knew appellant was going after whisky, and that whisky was contained in the suit case received by him from the other car. If he did know it, he knew that appellant was transporting the whisky, which was in violation of the law, and would make him an accomplice. It ought to have been submitted to the jury to determine whether the witness was an accomplice, and the failure to do so was error. See Acts Second Called Session Thirty-sixth Legislature, page 229, Section 2, and page 238, Section 31, and page 239, Section 36. If appellant was guilty of being in possession of the whisky, or of transporting it, and Wilson had knowledge of what he was doing and was aiding appellant, it made him an accomplice, when used as a witness. This would be true under the general statute, independent of the Dean Law.

Appellant contends that the indictment in the case should have been quashed because the provisions of what is known as the Dean Law, with reference to the possession of intoxicating liquor, is contrary to the holding of the Supreme Court of the United States, in Street v. Lincoln Safe Dep. Co., 41 Sup. Court Rep., 31. In that case the Supreme Court of the United States was passing upon the question as to the right of a party who was in the lawful possession of intoxicating liquor, of which he had become the owner prior to the effectiveness of the Volstead Act, for his own personal use. That is not the issue in this case. The evidence shows the appellant to have been in possession of the whisky for the purpose of transporting it to other parties, even if his own testimony be true, and the indictment having charged him with being in possession of it, not for medicinal, scientific,

sacramental or mechanical purposes, sufficiently charged a violation of our statute.

There is another bill of exceptions, which, to our mind, presents error. While appellant was testifying as a witness in his own behalf, he claimed not to have owned the whisky in question, but asserted that it belonged to one Lunney and Newman, admitting that he, appellant, had received the whisky in Hunt County, and upon being asked, "What were you doing with it?"—objection was sustained to appellant answering this question, and the bill shows that the witness would have testified that he was acting as the agent for Mr. Lunney and Mr. ·Newman in transporting said whisky; that he did not own it or have any title to it, and that they were paying him to transport it, and that he did not know what they wanted with it. It occurs to us that the court was in error in not permitting appellant to explain his connection with the whisky. The evidence showed that he was in possession of it, and his explanation was that he was not transporting it for himself, but for other parties, as their agent. His answer would not have probably presented a defense to the charge against him, but it was at least admissible in order that the jury might know his connection with it, to be considered by them in fixing the amount of his punishment, if they found him guilty. It is not likely the jury would fix as heavy a penalty against an accused who might simply be acting for some one else in the transportation of intoxicating liquor with the intention of delivering it into their possession at the end of the journey, as they would if the evidence showed that accused was transporting it for the purpose of selling it, and for this reason we believe the court should have admitted this testimony.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*