CLYDE ROZIER v. THE STATE.

No. 6402. Decided November 9, 1921.

Rehearing denied November 30, 1921.

1.—Intoxicating Liquors—Transportation—Indictment.

There was no error in overruling defendant's motion to quash the indictment on the ground that the State law is in conflict with the Federal law upon the subject of intoxicating liquor. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

2.—Same—Motion for New Trial—Duress.

Where appellant claimed duress in his motion for new trial, but the record failed to show any such condition of fact, there was no reversible error. Following Burton v. State, 51 Texas Crim. Rep., 201.

3.—Same—Rehearing—General Verdict—Indictment—Amending Sentence.

Conceding the correctness of the proposition that the count in the indictment for "possessing" is bad, it does not follow by any means that the motion for rehearing is good, the record showing a general verdict upon the submission of all counts in the indictment, and that the evidence supported the good count in the indictment. Following Hyroop v. State, 79 Texas Crim. Rep., 150, and the judgment is so amended as to apply the conviction alone to the good count in the indictment.

Appeal from the District Court of Franklin. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully transporting intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*L. W. Davidson,* for appellant.

90 T. C.—22

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

HAWKINS, Judge.—Conviction was for unlawfully transporting intoxicating liquor. Punishment one year in penitentiary.

There are no bills of exceptions in the record. Appellant's motion to quash the indictment because our law is in conflict with the Federal law upon the subject of intoxicating liquor was properly overruled. Franklin v. State, 88 Texas Crim. Rep., 342, 230 S. W. Rep., 692; Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

Appellant urges in his motion for new trial that the evidence shows he was acting under duress in his connection with the whisky, and therefore this conviction should be set aside. We fail to discover any such duress as will excuse a party for violating the law. Art. 44, Vernon's P. C.; Burton v. State, 51 Texas Crim. Rep., 201, 101 S. W. Rep., 226.

The judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

November 30, 1921.

HAWKINS, Judge.—The opinion states that appellant was convicted for "unlawfully transporting intoxicating liquor." We were in error to this extent. The indictment charged him in one count with the unlawful "possession," and in another with unlawful "transportation." Both counts were submitted to the jury; a general verdict of guilty was returned, and judgment and sentence was for both possession and transportation. The contention is now made that since the amendment (1st and 2nd called Session, Thirty-seventh Legislature, page 233) it is not a violation of the law to possess intoxicating liquor unless for the purpose of sale, and the count for that offense is now defective; the verdict being general it is urged that a motion for rehearing should be granted. Conceding the correctness of the proposition that the count for "possessing" is now bad; it does not follow by any means that the motion for rehearing is good. Mr. Bishop, in his New Criminal Procedure, vol. 1, sec. 1015, subdivision 2 and 4 has stated the rule very clearly.

Subdivision 2. On a bad count, mingled with good ones, the court has no right to receive evidence against the defendant's objection. Properly the ill count should be quashed. If it is not, and the court refuses to exclude evidence applicable only to it, and does not direct the verdict to be limited to the good count, a general finding of guilty will be set aside."

Subdivision 4.  "If good and bad counts appear together at the sentence or on error, all having been treated, at the trial as good, and no objection to the evidence having been saved, the case is the same as when any other incompetent evidence was introduced with the defendant's tacit consent.  He cannot now complain of it, but he can object to being sentenced on a bad count, as is elsewhere shown.  Still, treating the bad count as surplusage, he may be sentenced on the good counts.  Moreover, a general sentence on good and bad counts is not reversible on motion in arrest of judgment or on error if sustained by the good ones."

There was no evidence introduced in this case applicable alone to the charge for "possessing."  All the evidence was equally pertinent towards establishing the truth of both counts.  If objections had been urged they would not have been tenable in so far as being applicable alone to what is now the bad count.  See also Pittner v. State, 37 Texas Crim. Rep., 268, 39 S. W. Rep., 662; Henderson v. State, 2 Texas Crim. App., 88; Dent v. State, 43 Texas Crim. Rep., 126, 65 S. W. Rep., 627; Southern v. State, 34 Texas Crim. Rep., 144, 29 S. W. Rep., 780; Hyroop v. State, 79 Texas Crim. Rep., 150, 179 S. W. Rep.. 878.

The motion for rehearing will be overruled, but the judgment and sentence will be so amended and corrected as to apply the conviction alone to the count for the unlawful transportation of intoxicating liquor.

*Overruled.*