M. EPPS, ALIAS "SWEET PAPA," v. THE STATE.

No. 6834.   Decided March 15, 1922.

**Intoxicating Liquor—Transportation—Possession—Practice on Appeal.**

Where the indictment contained two counts, one for the transportation of intoxicating liquors and one for unlawful possession without alleging that possession was for the purpose of sale, and no motion was made to quash

the latter count, and both were submitted to the jury and a general verdict rendered, the judgment will be reformed and affirmed in the absence of a statement of facts, and the conviction will rest alone upon the count charging the transportation of intoxicating liquor.

Appeal from the District Court of San Patricio. Tried below before the Honorable M. A. Childers.

Appeal from a conviction of transporting intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. C. Nelson,* for appellant.—Cited Smith v. State, 124 S. W. Rep., 665; Southern v. State, 29 id., 780.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is condemned to confinement in the penitentiary for a period of three years of the offense of transporting intoxicating liquor.

He was indicated in separate counts for the unlawful transportation of intoxicating liquor and for the unlawful possession of intoxicating liquor. The count charging the unlawful possession is defective in that it fails to allege that the possession was for the purpose of sale. Francis v. State, 90 Texas Crim. Rep., 67; 234 S. W. Rep. 580.

No motion was made to quash the indictment, however, nor to compel an election between the counts; nor is there an exception to the charge of the court.

The verdict is a general one, finding the appellant guilty as charged in the indictment.

The point is made that because of the defective count in the indictment the judgment cannot stand. There is no statement of facts before this court, and it must indulge the presumption that the evidence which was before the trial court supports the conviction. In other words, the presumption is that the proof showed that the appellant was guilty of the offense of unlawfully transporting intoxicating liquor. We understand that when there is a conviction on an indictment containing a good and bad count, a general verdict will be referred to the good count. As applied to the facts before the court, the rule precludes a reversal. Pitner v. State, 37 Texas Crim. Rep. 272; Dent v. State, 43 Texas Crim. Texas Crim. Rep. 126; Rozier v. State, 90 Texas Crim. Rep. 337; 234 S. W. Rep. 666.

The judgment will be so reformed that the conviction will rest alone upon the count in the indictment charging the unlawful transportation of intoxicating liquor, and, so reformed, will be affirmed.

*Reformed and affirmed.*