MURRY STATON v. THE STATE.

No. 6758.    Decided April 5, 1922.

**Transporting Intoxicating Liquors—Possession—Reforming Judgment.**

The indictment for possessing intoxicating liquor being defective, but the count for transporting being without fault, the judgment will be reformed and made to apply to the offense of unlawfully transporting intoxicating liquor, there being a general verdict. Following Pitner v. State, 37 Texas Crim. Rep., 272, and other cases.

Appeal from the District Court of Franklin. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully transporting liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant appeals from a judgment condemning him to confinement in the penitentiary for a period of one year.

In separate counts in the indictment, appellant was charged with the unlawful transportation of intoxicating liquor and with the unlawful possession of such liquor. He entered a plea of guilty, and the evidence introduced shows, without controversy, that the appellant and one Mayfield were on the public road in a wagon in which

there were thirty gallons of corn whisky; that appellant claimed to have owned the wagon and was driving the team.

The indictment for possessing intoxicating liquor is defective; that for transporting it is without fault. There was a general verdict, which was applied to both offenses. The judgment will be reformed and made to apply to the offense of unlawfully transporting intoxicating liquor. For precedents on the subject, see Pitner v. State, 37 Texas Crim. Rep. 272; Rozier v. State, 90 Texas Crim. Rep. 337, 234 S. W. Rep. 666; Epps v. State, 91 Texas Crim. Rep. 270, 238 S.W. Rep. 652; No. 6834, not yet reported.

The judgment is reformed and affirmed.

*Affirmed.*