### O. J. BROWN v. THE STATE.

#### No. 6866.   Decided April 12, 1922.

#### State's Motion for Rehearing Overruled, June, 1922.

**1.—Transporting Intoxicating Liquor—Possession—Indictment—Rule Stated—Verdict.**

Where defendant was charged in two counts, one with unlawful transportation, and the other for the unlawful possession of intoxicating liquors, and the verdict was general, it may be referred to the count of transporting intoxicating liquor. Following Epps v. State, recently decided.

**2.—Same—Suspended Sentence—Argument of Counsel.**

Where defendant had filed his plea for suspended sentence, and the State's counsel referred to a recent amendment of the suspended sentence law, and told the jury that this law would be effective in a few days, and that defendant's suspended sentence plea, should not have been interposed at all if the trial had taken place a little later, the same was error.

**3.—Same—Evidence—Argument of Counsel.**

Where, upon trial of unlawfully transporting intoxicating liquor, State's counsel in his argument stated that the defendant threw away his pocketbook because same would identify him as a boot-legger, and there was no such evidence before the jury, same was improper and should not have been sanctioned.

**4.—Same—Misconduct of Jury—Testing Liquor.**

Where, upon trial of transporting intoxicating liquor, a glass of liquor purporting to have come from the keg exhibited, was tested by at least one of the jurymen, over defendant's objection, who told the jury, in its retirement, that the liquor was whisky, same was reversible error. Following Dane v. State, 36 Texas Crim. Rep., 56, and other cases.

**5.—Same—Evidence—Suspended Sentence—General Reputation.**

Where defendant testified that he had never been convicted of a felony, which was not controverted, and also introduced testimony that he bore a good general reputation as a law-abiding man, there was no error in excluding testimony that defendant had never been charged with any other offense.

**6.—Same—Rule Stated—General Reputation—Original Testimony.**

There is nothing in the statute which, in our opinion, changed the rules of evidence touching the manner in which the general reputation should be proved, and specific acts become available on cross-examination for the limited purpose of measuring the weight of the witness' testimony, but are not pertinent as original testimony upon the issue of reputation, and the inquiry should be confined to the knowledge of the witness to general reputation.

**7.—Same—Search and Seizure—Arrest—Felony in Presence of Officers.**

Where it was shown that at the time of the arrest there was whisky on the ground in such proximaty to the car as justified the arrest upon the theory that a felony had been committed in the presence of the officers, the inhibition against unreasonable searches and seizures, is not involved.

Appeal from the District Court of Coleman. Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baker & Weatherred,* and *Critz & Woodward,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, Presiding Judge.—Conviction is for the unlawful transportation of intoxicating liquors.

There are two counts: one charging the unlawful transportation and one the unlawful possession of intoxicating liquors. That charging the unlawful possession was like that before the court in the case of Francis v. State, 90 Texas Crim. Rep., 67, 235 S. W. Rep., 580, and for the reasons there given, is insufficient. The verdict being general, it may be referred to the other count. Pitner v. State, 37 Texas Crim. Rep., 272; Dent v. State, 43 Texas Crim. Rep., 126; Rozier v. State, 90 Texas Crim. Rep., 337, 234 S. W. Rep., 666; Epps v. State, 91 Texas Crim. Rep., 270.

We deem a statement of the evidence in detail unnecessary. From the State's standpoint, the facts were that the peace officers, suspecting the possession of intoxicating liquors by the appellant for unlawful purposes, followed his automobile and sought to search it. The privilege of search was refused by the appellant in the absence of a search warrant, but he consented to go to the county seat in order that a warrant might be obtained. En route, he turned from the main road, was followed by the officers in their car, and finally arrested. At the time of his arrest, he had stopped his car. In it was a glass jar containing some liquid, which the officers claimed to be whisky, but which the appellant claimed was ice water. Near the appellant's car there

was a wagonsheet on the ground, and upon it a ten-gallon keg filled with whisky and some broken jars, from which whisky had been spilled upon the ground, and one of the jars contained whisky.

It was insisted by the appellant that he fled from the officers because they shot at him and because he thought they were robbers; that he had no whisky in his car; that in his flight he ran against a keg and other containers, and this accounts for the broken jars upon the ground near his car; that the collision injured his car, and when he stopped to repair it, he was overtaken by the officers. In his flight, he threw away his purse which he afterwards recovered. He stated that he had forty dollars or more in it.

Appellant filed a plea required by raticle 865-b embodying the suspended sentence law. Adverting to that phase of the case in his argument, the State's counsel referred to a recent amendment of the suspended sentence law depriving those over twenty-five years of age of its benefit, and told the jury, in substance, that this law would become effective in a few days and if the trial had taken place a little later, appellant's plea for a suspended sentence could not have been interposed at all. The argument was improper. A change in the law could have no bearing upon an offense committed before its enactment. The argument was harmful because it conveyed to the jury the idea that a man of appellant's age was not, in the opinion of the Legislature, the proper subject for the operation of the suspended sentence law. Appellant's objection to the argument should have been sustained, and the court should have endeavored to repair the injury by instructing the jury to disregard it upon appellant's request, which was duly made.

Referring to the fact that appellant threw away his pocket-book and after he was released from jail repossessed it, counsel for the State told the jury in substance that:

"You know the reason he did not want the officers to see that pocket book, because you know he had writing in that pocket book that would identify him with other boot-leggers, and identify him, I bet you if he had any money in that purse it was money he got for selling whisky."

It is made clear by the bill that there was no evidence of writing in the pocket-book. The argument was not a proper one, and the court should not have sanctioned it. Objection was urged to it, and the request for an instruction to disregard it was refused.

A glass of liquid purporting to have come from the ten-gallon keg was exhibited and tasted by at least one of the jurymen over the appellant's objection. In their deliberations this juryman told his fellows that the liquid was whisky. The jury should not have been permitted to taste the liquor. Parker v. State, 75 S. W. Rep., 30; Dane v. State, 36 Texas Crim. Rep., 87. The use made of the fact that it was tasted was of a prejudicial nature and violative of the statute

forbidding the jury from hearing new evidence in retirement. Code of Crim. Proc., Art. 837, subdivision 7.

Complaint is made of the rejection by the court of evidence that the appellant had never been charged with any other offense. He testified that he had never been convicted of a felony in this or any other state. This was not controverted. He also introduced testimony to the effect that he bore a good general reputation as a law-abiding man. He assumes the position that the excluded testimony was admissible by reason of his application for a suspended sentence. In that law, this is found:

"The court shall permit testimony and submit the question as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence, and as to whether the defendant has ever before been convicted of a felony; such testimony shall be heard and such question submitted only upon the request in writing by the defendant." (Code of Crim. Proc., Art. 865c.)

There is nothing in the statute which, in our opinion, changed the rules of evidence touching the manner in which the general reputation should be proved. Williamson v. State, 74 Texas Crim. Rep., 290; Baker v. State, 87 Texas Crim. Rep., 309; Wagley v. State, 87 Texas Crim. Rep., 504. Specific acts become available upon cross-examination for the limited purpose of measuring the weight of the witnesses' testimony but are not pertinent as original testimony upon the issue of reputation. Howard v. State, 37 Texas Crim. Rep., 498; Branch's Ann. Tex. Penal Code, p. 617; Underhill on Crim. Evidence, sec. 325; Cyc. of Law & Proc., Vol. 12, p. 416, note 53; Holsey v. State, 24 Texas Crim. App., 35. A general inquiry such as that in question, especially when it has already been developed that appellant had not been convicted of a felony tended to elicit evidence which was not competent upon the issue of reputation as original testimony. Inquiry should be confined to the knowledge of the witness of the general reputation. His means of knowledge may be tested by cross-examination drawing his attention to specific acts which are pertinent. This, we think, was the rule at the time the suspended sentence law was enacted, and is the rule that should still be observed. We are not unmindful of the fact that there may be specific instances in which there has been a departure from this rule. These cases are to be treated as exceptions to rather than as modifications to the rule. There was no error in sustaining objection to the question propounded.

We think the constitutional inhibition against unreasonable seizures and searches is not involved. At the time of the arrest, there was whisky on the ground in such proximity to the car as justified the arrest upon the theory that a felony had been committed in the presence of the officers; by bringing the keg and jars of whisky to the point at which the arrest took place. There was no search required to determine that there was liquid in the car and on the ground at

the car. See State v. Quinn, 97 N. E. Rep., 62; State v. McCann, 59 Me., 383; State v. LeClair, 86 Me., 522; State v. Bradley, 96 Me., 121.

The other questions presented have been examined. Some of them refer to arguments which we do not approve, but which we assume will not occur upon another trial. We find nothing in the other matters complained of worthy of discussion.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*