JOHN SAMARAS v. THE STATE.

No. 7022. Decided April 25, 1923.

1.—Theft—Accomplice—Charge of Court—Requested Change.

Where, upon trial of theft over the value of fifty dollars, the court failed to instruct on accomplice testimony which issue was raised by the evidence and refused a requested charge thereon, the same is reversible error.

2.—Same—Accomplice—Rule Stated—Charge of Court—Corroboration.

Where one of the State's witnesses was clearly shown to be an accomplice, the court should have required corroboration of his testimony, and where the other witness was admitted to be a feigned accomplice acting with a view to the detection of the real criminals, the jury should have been charged to determine whether the witness was an actual or only a feigned accomplice. Following Smith v. State, 89 Texas Crim. Rep., 146, and if he was an accomplice in fact, his testimony required corroboration.

3.—Same—Indictment—Different Counts—Separate Offenses.

The theft and receiving of stolen property are separate offenses of a the felony grade; however, the penalty assessed being the lowest allowed by law for either offense, and there being evidence supporting each of them, the failure to follow the approved practice instructing the jury upon which count the indictment should be rendered, would not be reversible error in the instant case; however, the judgment is reversed and the cause remanded for failing to submit the law of accomplice testimony.

Appeal from the Crim. District Court of Tarrant.   Tried below before the Hon. George E. Hosey.

Appeal from the conviction of felony theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Eastus & Greines,* for appellant.—On question of accomplice testimony, Johnson v. State, 125 S. W. Rep., 17; Guiterrez v. State, 173 id., 1025; Jurado v. State, 239 id., 617; Richard v. State, 49 Tex. Crim. Rep., 193; Simmons v. State, 50 id., 528; Wyatt v. State, 55 id., 74; Cummings v. State, 219 S. W. Rep., 1105.

*R. G. Storey,* Assistant Attorney General and *Jesse M. Brown,* District Attorney for the State.—On question of accomplice, O'Conner v. State, 28 Tex. Crim. App., 288; Smith v. State, 36 Tex. Crim. Rep., 442; Jones v. State, 48 id., 591; Minter v. State, 159 S. W. Rep., 301; Savage v. State, 170 id., 730.

MORROW, PRESIDING JUDGE.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

The place of business of the witness Reeder was entered and a number of automobile casings, some cord and some fabric, were stolen. Thirteen of these casings were recovered by officers Lewis and Salsberg and returned to Reeder.  The witness Denman testified that he had arranged with the appellant to purchase from him some cord tires and at night-time he and the witness Hudgins went with appellant to a certain point near a levee, from which point the appellant went in an automobile belonging to the witnesses mentioned and returned with the casings.  He first brought some fabric casings which the witness refused to purchase.  Appellant again went to the point where the casings were hidden under some brush and returned with five cord casings, which Denman purchased, giving appellant his check for sixty dollars.  Denman knew that the casings were worth more and said that he also knew that they were stolen, but claimed that he was purchasing them by pre-arrangement with the officer Lewis.

The State witness Lewis testified that he had had no previous conversation or pre-arrangement with Denman and also testified that officer Salsberg arrested Denman and Hudgins and brought them to the city hall.  After the arrest Lewis talked to Denman and then went to the levee and found other tires which had been covered up with brush.  Hudgins' testimony is much like that of Denman.  Both Denman and Hudgins were dealers in tires and both knew that these were hidden in an unusual place, delivered at night and sold for an inadequate price.

Appellant in a timely and appropriate manner requested the trial

court to instruct the jury upon the law of accomplice testimony as embraced in our statute, Article 801, Code of Crim. Procedure. In the refusal to grant this request, the court not having touched upon the subject in his main charge, we think there was prejudicial error.

The State's case rested in the main upon the testimony of Denman and Hudgins. Both of them by their testimony and by the testimony of the State witness Lewis were shown to have been consciously in possession of the stolen property. Nothing in the record is perceived by us to exempt Hudgins from the rule requiring a charge on accomplice testimony and nothing in Denman's case can be relied on for that purpose except his declaration upon the witness-stand that he purchased the stolen property by pre-arrangement with officer Lewis, which is in conflict with the testimony of Lewis. Denman having received the stolen property knowing of its theft, was prima facie an accomplice witness. His testimony was subject to the general rule thus stated in Corpus Juris, Vol. 16, Sec. 1370: "Where the complicity of the witness is admitted, but the prosecution claims that he was merely a feigned accomplice acting with a view to the detection of the real criminals, it is for the jury to determine whether the witness was an actual or only a feigned accomplice." (Smith v. State, 89 Texas Crim. Rep. 146.)

Salsberg was not used as a witness for the State, and under the evidence before the trial judge, he was not warranted in refusing to instruct the jury to determine whether the witnesses Denman and Hudgins were accomplice witnesses and whether there was corroboration such as is demanded by law to connect the appellant with the commission of the offense.

We also take note of the fact that the court submitted to the jury each of the counts in the indictment, namely: that of theft of the property and of the fraudulent receipt of it, knowing it to have been stolen. There was a general verdict of guilty. If there be another trial and both counts be submitted to the jury, the charge should embrace an instruction that in the event of a verdict of guilty, the jury should determine upon which count it is rendered. The theft and receiving of stolen property were separate offenses of a felony grade. There being evidence supporting both counts, the jury should be called upon to designate upon which count they find the accused guilty.

The penalty assessed being the lowest allowed by law for either offense, and there being evidence supporting each of them, the failure to follow the approved practice would not be reversible error. Rozier v. State, 90 Texas Crim. Rep. 337.; Banks v. State, 246 S. W. Rep., 376.

Because of the error in failing to submit the law of accomplice testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*