### ARTIE JACKSON v. THE STATE.

No. 8155.   Decided May 21, 1924.

1.—Selling Intoxicating Liquor—Name of Owner—Variance—Allegation and Proof.

Where defendant was charged with selling intoxicating liquor to one Frank McCullom, an employee of the T. & P. Shop, and the testimony showed

that one Bacchus and appellant acted together in the sale of the liquor, and there was no suggestion that Bacchus was the agent of the purchaser, there is no variance.

**2.—Same—Cross-Examination—Evidence—Other Offenses.**

Where, upon trial of selling intoxicating liquor, defendant testified on his own behalf, and on cross-examination by the State over objection by defendant he was compelled to testify in answer to question as to how many times his place had been raided by officers within the last year, that there were a lot of drunks driving on the street, and that the prohibition officer came to his house with a search warrant and searched the house, etc., but found nothing, the same was manifestly improper, and constitutes reversible error.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*John E. Taylor,* for appellant.—On question of admitting testimony of other transactions: Lamm v. State, 252 S. W. Rep., 536; Gothard v. State, 252 id., 508; Brown v. State, 242 id., 218; Wagley v. State, 242 id., 687; Johnson v. State, 241 id., 484; Rainey v. State, 20 Texas Crim. App., 473; Johnson v. State, 22 id., 266.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Harrison County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant seems to have resided a few hundred yards from the T. & P. shops in Marshall, Texas. On the date mentioned in the indictment appellant was charged with selling intoxicating liquor to one Frank McCullom, an employe of the T. & P. shops. It is insisted that the conviction cannot stand because of a variance between the allegation and proof. This is based on the proposition that the sale, if any, was not made to McCullom but to one Bacchus. McCullom swore that he and Bacchus worked at the shops, and on the date mentioned he went with Bacchus to appellant's house. He had never been there before and had never met appellant till then. Before leaving the shops witness gave to Bacchus $4. When they got to appellant's house Bacchus handed appellant this money and told him that he had brought witness over to let appellant know who witness was so he would know him when he came back; and told appellant to let witness have a quart, to which the latter said "All right" and he then poured out and handed witness a quart of whisky. This manifests no vari-

ance between the proof and allegation. In our opinion under these facts Bacchus and appellant acted together in the sale of the liquor. There is no suggestion that Bacchus was an agent of the purchaser. All the facts point the other way. True, he took the money of the witness and handed it to appellant, but he also piloted McCullom to appellant's house and told the latter to let McCullom have the liquor and then handed him McCullom's money. It is also true that he then told appellant that he brought the witness over that he might know him when he came back again. This so clearly points to some character of understanding between Bacchus and appellant and indicates that the two were acting together as to entirely relieve the case of the proposition that it was a sale by appellant to Bacchus. We have examined all of the authorities submitted by appellant in this connection and do not think any of them support his contention.

Appellant became a witness in his own behalf. On cross-examination, over objection, he was compelled to testify, in answer to questions, as to how many times his place had been raided by officers within the last year. He stated that he did not remember how many times but that the sheriff had searched his house three times, the rangers once, and the prohibition enforcement officer once. That there were a lot of ''drunks'' driving over the street and the prohibition officers came to his house with a search warrant and searched the house. That appellant ran the ''drunks'' off and the officer found nothing. In the bill of exceptions complaining of this action of the trial court appears the statement that there was no evidence introduced upon the trial that anything was found in any of these raids, or that any arrest or indictment resulted therefrom. The State seems to have put reliance upon the admissibility of the testimony as affecting the reputation of appellant, asserting, as the bill reflects, that he had put his reputation in issue. We find nothing in the record supporting this contention. There was no application for suspended sentence, and no witness seems to have testified relative to appellant's reputation. We cannot but regard the evidence as very harmful and capable of much injury to appellant's case. The State relied upon one witness corroborated, as far as it went, by his production of the bottle of whisky which he claimed to have gotten from appellant. The defense introduced appellant and Bacchus both of whom denied the transaction testified to by the State witness. In this condition of the record the State was allowed to get before the jury by the testimony complained of the ex parte opinions of the various officers who on numerous occasions raided and searched appellant's house for intoxicating liquor; and that a lot of ''drunks'' were in some manner found active in his neighborhood, etc. This must have led the jury to believe that the officers continually were informed or suspected and believed that appellant's place was one

where liquor was being kept or dispensed. This was manifestly improper and constitutes such error as requires us to reverse the case, and it is so ordered.

*Reversed and remanded.*