## A. W. DEAN v. THE STATE.

No. 7889. Delivered Nov. 21, 1924.

Rehearing granted June 3, 1925.

1.—Sale of Intoxicating Liquor—Jurisdiction—Place of Delivery.

Where the delivery of the whisky took place in Roberts county, the fact that the agreement to make the purchase and the payment of the purchase price was made in another county, would not justify an instruction that the transaction took place in such other county.

ON REHEARING.

2.—Same—Accomplice Testimony—Charge of Court.

On more careful consideration, we have concluded that we were in error, in our original opinion that the witness McIntosh was not an accomplice. The transaction took place before the taking effect on Nov. 15th of the amendment to the Dean Law, exempting the purchaser from being an accomplice. For the failure of the court to instruct the jury that the witness McIntosh was an accomplice, the cause, on rehearing, will be reversed.

Appeal from the District Court of Roberts County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*C. C. Small,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Roberts County of selling intoxicating liquor, and his punishment fixed at three years in the penitentiary.

The record contains but one bill of exceptions, same being to argument of the State's counsel. Examination of the bill shows that same is qualified by the learned trial judge in such manner as that it appears the statements made in the argument of State's counsel were in reply to argument of counsel for the defense, and further that the argument of State's counsel was supported by testimony which was before the jury. The bill presents no error.

It was not erroneous to refuse a requested peremptory instruction in favor of the defense. As we understand the evidence there was no error in refusing requested charges Nos. 2 and 3. The State's witness testified that he bought whiskey from appellant at an agreed price and that a few days later he gave appellant a check therefor which check, it appears from the record, had not been cashed. There was no question but that the trade between the parties for the liquor was consummated and its delivery was in Roberts County. The fact that the check may have been given in Gray County, or in some other county than Roberts, or that prior to the actual transfer of the whiskey the parties to the transaction had met in some other county than Roberts County and had agreed on the terms of the transaction, would not justify an instruction on the part of the learned trial judge that the transaction took place in such other county. The fact that the parties may have arranged the terms of the sale or the time of delivery or the quantity bought in some county other than Roberts County, would not affect the jurisdiction of the courts of Roberts County to try the case upon evidence showing that delivery of the liquor by the seller to the purchaser was made in Roberts County.

The only other requested charge was that the jury be instructed not to consider the argument of the prosecution which has been referred to in our discussion of appellant's only bill of exceptions. This charge was properly refused.

In his brief appellant argues forcibly the proposition that the witness Russell McIntosh was an accomplice. A careful examination of the statement of facts does not lead us to conclude said witness an accomplice as a matter of law. There was no request that the issue as to whether he was an accomplice or not, be submitted to the jury, nor was there any exception to the charge of the court for failing to submit to the jury the question as to whether McIntosh was such accomplice. There was an exception to the charge of the court for failing to tell the jury as a matter of law that McIntosh was such accomplice. He in nowise contributed to the payment for or the purchase of the liquor in question. The transaction occurred prior to the taking effect of the amendment to the Dean Law passed by the 37th Legislature. McIntosh brought out to appellant's car five empty fruit jars and after they were filled he set them down by the fence. This seems to be his only connection with the trans-

action. Whether there was a sale or a gift or what, does not seem to be shown as within the knowledge of McIntosh. Not believing him to be an accomplice as a matter of law, and finding no sufficient presentation to the court of either a special charge or an exception to the main charge on its failure to submit the issue as to whether he was an accomplice, we perceive no error in the proceedings in the trial court on this point.

The evidence seems ample to support the conviction. We have examined the authorities cited by appellant in his brief and regret that we can not conclude any of them to sustain his contention in regard to the witness McIntosh.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—On more mature consideration and careful examination of the facts in this case we have concluded ourselves in error in holding that the witness McIntosh was not an accomplice, and that the exception to the court's charge for its failure to instruct the jury that he was such accomplice, was well taken. The testimony shows that he was present at the alleged sale of whiskey and that he aided in the transaction. He testified that appellant poured the whiskey out of a keg into five fruit jars and that as he did so witness moved the jars out of the way one at a time, and when it was all poured out that he took the jars and put them over the fence in the weeds. He further testified on cross-examination that he went and got the empty fruit jars out of the cellar on said occasion as well as removed them after they were filled. As stated in the original opinion, this transaction took place before the taking effect on November 15, 1921, of the amendment to the Dean Law exempting the purchaser from being an accomplice. It occurs to us that from his own testimony McIntosh was necessarily acting in the transaction either with appellant in the sale of whiskey or with Lyons in its purchase. In either event he would be an accomplice. All co-conspirators who act together in the commission of a crime, if witnesses in regard to it, are accomplices.

Believing ourselves in error in the above matter, we are constrained to grant the motion for rehearing, and it is so ordered, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*