### JOE BRUNELLO V. THE STATE.

No. 9712.    Delivered December 23, 1925.

**1.—Manufacturing Intoxicating Liquor—Evidence—Of Other Offenses—Erroneously Admitted.**

Where, on a trial for manufacturing intoxicating liquor, the appellant, without objection from the state, testified that he had never been arrested before for any offense. This testimony did not authorize the state to prove that appellant had been raided twice before, and caught with beer and "grappo," and it has been so held by this court in numerous cases. Following Johnson v. State, 91 Tex. Crim. Rep. 588, on rehearing. Brown v. State, 242 S. W. 218, Jackson v. State, 262 S. W. 78.

**2.—Same—Evidence—Improperly Admitted—Not Cured by Charge.**

Where the state was permitted to prove by appellant's witness Boyd, on cross-examination that he had heard that appellant's place had been raided twice down at Thurber, this error in admitting such hearsay testimony, was not cured by the court's instruction to the jury not to consider same.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*P. C. Sanders, Mays & Mays,* and *Dave T. Miller,* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Palo Pinto County of unlawfully manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

It was the contention of the State that appellant manufactured the intoxicating liquor for sale; and appellant's defense

was· that it was for medicinal purposes and not for sale. The record discloses that the officers raided the premises of the appellant and found sweet and sour wine, "grappo" and quite a quantity of beer which the State's testimony showed was intoxicating. The appellant took the stand in his own behalf and testified to using all of same for his personal use and health, and, without objection on the part of the State, testified that he had never been arrested before in his lifetime for any offense. He did not inject in the case his general reputation.

The State, through her district attorney, was permitted over objection to ask the appellant, on cross-examination, if he were not raided three or four years prior thereto, and if he, the district attorney, was· not in the bunch, and if the appellant did not run off, and if the officers did not catch him with a lot of beer and "grappo", referring to the former raid.

It further appears over the objection of the appellant that the State's attorney asked said appellant on cross-examination, if he :were not raided twice down at Thurber while he, the district attorney, was in the bunch, about three or four years prior to the trial, and if the Federal authorities had not arrested him and "we got them to lay you off when you promised to stay off this making booze?" The bills of exception disclose that appellant objected to all of said questions upon the ground that he had not put his reputation in issue, and that the asking of said questions and eliciting testimony thereon was inflammatory and very prejudicial to the appellant's defense. The court overruled all of said objections, and the bill shows that appellant denied said raids, and that· said testimony was admitted by the court on the theory that the appellant testified he had never before been arrested and thereby injected into the case his reputation, which authorized the district attorney to ask such questions. This contention is against the holding of this court in Johnson v. State, 91 Tex. Crim. Rep. 588, on rehearing; 241 S. W. Rep. 484, wherein it was held it was the duty of the State to object to such evidence, but having permitted same to come into the record without objection, it did not authorize the State to introduce illegal evidence in rebuttal thereof. This court, in the case of Brown v. State, 242 S. W. Rep. 218, held that such testimony was inadmissible even though a plea of suspended sentence was filed therein, which issue is not involved in the instant case. This court, in the case of Jackson v. State, 262 S. W. Rep. 78, also held that it was reversible error for

the State to ask the appellant in that case if his premises had not been formerly raided by the officers. We are of the opinion that the learned judge was in error in permitting the State to ask the questions relative to said matters in the presence of the jury, and that it was of such a prejudicial nature as to be very hurtful to the appellant's defense.

Appellant further objected to the action of the court in permitting the State to prove by the appellant's witness Boyd on cross-examination, that he heard the appellant's place had been raided twice down at Thurber. It appears that the court instructed the jury not to consider the testimony of said witness, but it is contended by the appellant that said testimony was of such a nature that the effect of same could not be withdrawn by the court from the jury. We think the contention of the appellant under the peculiar facts of this case is correct, but deem it unnecessary to discuss this bill in detail for the reason that the error complained of may not occur again.

For the reasons above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*