TELESFORO GARCIA v. THE STATE.

No. 11613.    Delivered May 9, 1928.

**Transporting Intoxicating Liquor—Impeaching Defendant—Other Charges— Properly Admitted.**

Where, on a trial for transporting intoxicating liquor, appellant having testified in his own behalf, there was no error in permitting the state, for the purpose of impeachment, to prove that appellant was under a legal accusation for another felony and under such charge had been bound over to await the action of the next grand jury. See Newton v. State, 94 Tex. Crim. Rep. 288, and other cases cited.

Appeal from the District Court of Cameron County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty four years in the penitentiary.

The opinion states the case.

*Fausto Yturria* and *N. G. Cofer*, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being four years in the penitentiary.

While driving an automobile along a road in Cameron County appellant was intercepted, the automobile examined and found

to contain twenty-two and a half quarts of intoxicating liquor. With appellant at the time was one Costello. Both he and appellant told the officers that Costello brought the liquor from the river to the arroyo where appellant met him and put the liquor in the car, and that they were taking it to town at the time. Appellant entered a plea of guilty. He took the witness stand and testified that he had the liquor for his own use and that he had never been convicted or in trouble about anything like that before. On cross-examination he denied that he had been caught by Federal officers about a month before, ran away from them and dropped some liquor, but admitted that he had signed a bond in the last month to appear before the next Federal grand jury. No objection was interposed to the evidence just related. Appellant did not admit that a felony charge was pending against him in the Federal court. J. F. Delaney, United States immigration and patrol inspector, was then called by the state and testified that about a month previous to the present offense he had filed charges against appellant before the commissioner for possessing smuggled liquor; that the complaint was still pending and that appellant had been bound over to await the action of the next Federal grand jury. Appellant objected to this evidence. In explaining the bill the trial judge says: "The objection urged was that it showed another offense; possession of smuggled liquor is a felony. The evidence was correctly limited." Appellant having testified in his own behalf it was competent for the state, for the purpose of impeachment, to show that appellant was under a legal accusation for another felony and under such charge had been bound over to await the action of the next grand jury. Newton v. State, 94 Tex. Crim. Rep. 288, 250 S. W. 1036; Redding v. State, 95 Tex. Crim. Rep. 641, 255 S. W. 430; Bridges v. State, 99 Tex. Crim. Rep. 627, 271 S. W. 87. Appellant cites Brunello v. State, 102 Tex. Crim. Rep. 379, 278 S. W. 428, and many others as supporting his objection to Delaney's evidence. An examination of all the cases relied upon by appellant will show that either accused did not testify, or that the evidence objected to related to acts of accused which had not been merged into legal accusations, or, if so, that subsequent grand juries had met and adjourned without returning an indictment, or for some other reason, manifest from the opinions, the case was not brought within any exception permitting proof of extraneous offenses.

The judgment is affirmed.

*Affirmed.*