A. W. HOLDER v. THE STATE.

No. 11688. Delivered May 23, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, *Black & Groves* and *Robert M. Turpin* for the State.

HAWKINS, Judge.—Conviction is for practicing medicine without having registered in the district clerk's office of the county where appellant resided authority to so practice as required by Art. 739, P. C. Punishment was assessed at a fine of $50 and confinement for one minute in the county jail.

The evidence shows that appellant gave "chiropractic adjustments" to one Robbins for a consideration and that appellant had no legal authority to practice medicine under the statute referred to. Four bills of exception appear in the record, all of which complain of admission of evidence over appellant's objections. We have examined the bills carefully and all the testimony admitted over objections seems so manifestly pertinent and proper that we deem it unnecessary to discuss the bills.

Appellant conceived the idea that Robbins—the patient treated by appellant—was an accomplice witness. The court did not charge upon the issue. Appellant requested two special charges upon the subject. Of course, if Robbins was an accomplice appellant must go free under Art. 718 C. C. P. which forbids a conviction upon the testimony of the accomplice alone. We must confess that it has been difficult for us to even imagine a case where the patient could possibly be an accomplice. We are quite sure the facts do not even squint at the issue in the present case. The prosecution is founded upon a breach of duty by appellant—a failure to register his authority to practice medicine—a matter with which Mr. Robbins had no connection whatsoever. He simply went to appellant for treatment. Nothing he did or omitted to do would form a basis for prosecution against him. The very definition of an "accomplice" as here used excludes Mr. Robbins as such. An accomplice "includes all persons who are connected with the crime by *unlawful* act or omission on their part, happening either before, at the time of, or after the commission of the offense, and whether or not they were present and participated in the commission of the crime." It is not enough that there be an incidental connection with the offense—here

receiving treatment from appellant—but the connection must be criminal in its nature. Unless some character of criminal participation may be attributed to the patient, he can not be an accomplice. By no sort of mental legerdemain can we discern any such connection in the present case. Wilson v. State, 93 S. W. 547; Hyroop v. State, 179 S. W. 878.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The charge in the State's pleadings was that appellant treated a certain named person for a disease, without being legally equipped for such occupation. There was no specific disease named in the pleading. The fact that under such plea proof was made of the treatment of different diseases, is made the subject of complaint in this motion. We think the complaint without support.

We have no difficulty in again concluding that parties who went to appellant for treatment, were not accomplices. No sort of criminal connection or knowledge on the part of these patients appears.

The motion for rehearing is overruled.

*Overruled.*