## GUY ADAMS v. THE STATE.

No. 12317.   Delivered February 6, 1929.
Rehearing denied March 20, 1929.

The opinion states the case.

*Lockhart & Garrard* of Lubbock, Texas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of spirituous liquor capable of producing intoxication; penalty, one year in the penitentiary.

The transcript shows that the original indictment returned at the January term of the District Court of Terry County, was lost, and at the subsequent August term was substituted. It is contended by appellant in his brief that there was error in substituting the said indictment before the appellant had plead to the original indictment and further that appellant was entitled to notice of the application of the State to substitute same. We have only the bare assertion of these matters in the brief, as the transcript on file is entirely silent with reference to the existence of the facts alleged in appellant's brief. However, in passing we will say that it has been pointedly decided that an indictment may be substituted before the accused has plead to the lost indictment. Withers v. State, 21 Tex. Crim. App. 210; McDowell v. State, 55 Tex. Crim. Rep. 599. There are expressions of doubt as to the validity of such procedure in some of the old cases as well also as expressions in some later cases, which may be construed as sustaining appellant's view. We regard, however, the two cases above cited as announcing the correct rule.

It is further contended by appellant that the Court erred in overruling his application for a continuance. The application on its face shows that subpoenas were caused to be issued at the January term, 1928, for Vernon Holden, who was alleged to reside in Garza County, Texas, and four witnesses who were alleged to reside in Terry County, Texas. The application further recites that this defendant is not able to state whether the subpoena for Vernon Holden was mailed out by the Clerk of this Court or not," and further, "that this defendant is not able to say whether these subpoenas were served or not." At the August term, 1928, new subpoenas were caused to be issued for these witnesses. It will be observed that four of these witnesses were alleged to be residents of Terry County where appellant was tried and the Sheriff of which is alleged to have possession of the subpoenas issued for these witnesses. There seems no excuse for not ascertaining for six months whether or not the Sheriff of Terry County had served the four witnesses. Nor is there any excuse offered for failing to ascertain whether or not the Clerk had mailed out a subpoena for witness Vernon Holden to Garza County. Appellant apparently waited more than six months before making any effort to secure the attendance of these witnesses, or ascertaining the status of the matter. Under these circumstances in our opin-

ion there was an entire lack of diligence on his part. For full collation of authorities see Vernon's C. C. P. (1925), Art. 543, Note 5; also Boaz v. State, 89 Tex. Crim. Rep. 515; Jordan v. State, 96 Tex. Crim. Rep. 70; Crispi v. State, 90 Tex. Crim. Rep. 621; Howell v. State, 95 Tex. Crim. Rep. 583. In our opinion the Court did not abuse the discretion placed with him by law in overruling appellant's application and refusing his motion for new trial based thereon.

The appellant excepted to the failure of the Court to charge that Marlin Forbes was an accomplice. It is shown that the sale of whiskey occurred near where a dance was being held and that Marlin Forbes went with appellant in an automobile about four miles where appellant got the whiskey, returned with it and sold it to prosecuting witness. He says he went with him he guessed to get some whiskey for himself and admits being under the influence of whiskey he drank while on this trip. This testimony, to our minds, fails to show that Marlin Forbes was an accomplice as a matter of law. It is not necessary for us to decide whether the evidence raised an issue to be decided by the jury as to whether Forbes was an accomplice, as no such question was properly raised in the trial court.

Believing the evidence sufficient and there being no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again reviewed the case in the light of the able motion for rehearing. Appellant insists that Forbes was an accomplice witness as a matter of law. We still find ourselves unable to assent to this proposition. Appellant cites Franklin v. State, 227 S. W. Rep. 486; Franklin v. State, 230 S. W. Rep. 692; Chandler v. State, 232 S. W. Rep. 337, and Dean v. State, 272 S. W. Rep. 1113. Each of these cases was tried under the law as it was before the passage of present Art. 670 P. C., which takes the transporter, possessor and purchaser of intoxicating liquor out of the pale of accomplice witnesses. Said opinions are upon cases wherein the purchaser and transporter were accomplice witnesses.

Not so now. Forbes testified in this case that Buster Stockton asked appellant in his hearing if he knew where he could get whisky, and that he, witness, got in appellant's car and went with him shortly thereafter; that when they had gone about four miles appellant got about a half gallon of whisky from among some weeds. That appellant brought the whisky back to the dance, from which the parties went,—stopping on the road to put some of the whisky in a different bottle. When they got back to the dance witness said he saw appellant sell the whisky to Stockton and saw Stockton pay appellant for it. He said in so many words that he went along with appellant, wanting to get some whisky himself. We find nothing in the record showing that he claimed the whisky or had any interest therein or in the transaction, or that he suggested any sale, or aided in any way. At most when he overheard these other parties discussing the getting of whisky, he went with appellant to where the latter got same and from which place appellant transported the liquor back to the dance where he sold it to Stockton. We do not believe that this even raises the issue of whether Forbes was an accomplice, and certainly did not make him an accomplice as a matter of law.

The motion for rehearing will be overruled.

*Overruled.*