### LILLIAN WOODS V. THE STATE.

No. 18620. Delivered December 9, 1936.
State's Rehearing Denied (Without Written Opinion) January 13, 1937.

The opinion states the case.

*Bryan Blalock* and *W. R. Smith, Jr.*, both of Austin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of robbery, and her punishment was assessed at confinement in the state penitentiary for a term of five years.

The prosecuting witness testified that on the 25th day of February, 1936, at about seven p. m. as he was walking down the railroad track towards his home in the city of Austin, the appellant walked in front of him, stuck a large knife, known as a "Dallas Special," to his side and said to him, "Give me your money or I will cut your belly open,"—to which he replied, "Well, you will have to take it"; that she ran her hand in his pocket, took fourteen dollars (all he had) and then went into a house on East Avenue; that he permitted her to take the money because he was scared she would cut him with the knife; that he was frightened.

Appellant denied that she threatened the prosecuting witness with a knife or took any money from his person, but asserted that he gave her twenty-five cents, which was all the money she had when arrested. This raised a controverted issue of fact which the jury, who are the exclusive judge of the facts proven, the credibility of the witnesses, and the weight to be given their testimony, decided adversely to the appellant; and this court would not be authorized to disturb their finding on a controverted fact issue.

By bill of exception number one complaint is made because the State was permitted to prove that appellant's reputation as a peaceable and law abiding citizen was bad. The State's con-

tention was that appellant had put her general reputation in issue by testifying that she had never been convicted of a felony; had never theretofore been arrested; and that no case of any kind had theretofore been filed against her, and, therefore, the State had a right to prove by way of rebuttal that her general reputation as a law abiding citizen was bad. If appellant, under the law, could have filed a plea for a suspension of sentence and had done so, then the testimony would have been admissible. It seems that the trial court at first concurred in the State's contention and admitted the testimony, but before the case was finally submitted to the jury he withdrew it and instructed the jury not to consider it. Appellant contends, however, that notwithstanding the court's attempted withdrawal, that he could not withdraw the prejudicial effect thereof. We are inclined to agree with her. It was not permissible for appellant to show that she had not theretofore been indicted, arrested or charged with any offense, and by timely objections the State could have excluded the testimony, because evidence of good actions of the accused is not admissible to prove good reputation. But not having done so it would not justify the State to put her general reputation in issue. In the case of Brown v. State, 242 S. W., 218, this court specifically held that a defendant had no right on the issue of a suspended sentence to prove as original evidence that he had never before been arrested as showing good character. However, to make such a plea effective it becomes necessary to prove that the accused has not been convicted of a felony in this or any other state. In the case of Johnson v. State, 241 S. W., 487-488, this court on motion for rehearing said:

"What we desire to impress is that when accused undertakes to support, or the State to attack, his 'general reputation,' it must be done in the same manner, be governed by the same rules, and subject to the same exceptions, where the suspended sentence is involved, as in other cases."

It therefore seems clear that it is the settled law of this State that the defendant cannot legally put her good character in issue by proving that she had not theretofore been indicted or arrested. The State could not sit quietly by and without objection permit her to offer the inadmissible testimony and then over her objection put her general reputation in issue. It has been consistently held by this court that the character of the defendant cannot be put in issue by the State unless the defendant first puts it in issue. See Branch's Anno. Penal Code, Sec. 148, for authorities there cited. The issue of whether the rob-

bery actually took place was hotly contested between the State on one side and the appellant on the other. Hence it is obvious that the action on the part of the State in putting the general reputation of the accused in issue was an infringement of her legal right, and no doubt was prejudicial, the effect of which the court could not effectively withdraw.

Bills of exception numbers two and three relate to the court's action in overruling appellant's objection to the court's charge. We have examined the charge in the light of the objection and have reached the conclusion that the same does not disclose any reversible error.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.