## WALTER E. DAVIS V. THE STATE.

*No. 672.    Decided February 6.*

1. **Passing a Forged Instrument—Fictitious Person.**—Where a party passes a check purporting to be signed by one C. Eisman, and which he falsely represents was executed and given him by one C. D. Eison, *Held*, that the name signed was that of a fictitious person, and the party would be guilty of passing a forged instrument.

2. **Same—Charge.**—Where, on the facts stated in the foregoing paragraph, the court charged the jury, "If C. E. is a fictitious person, and the name C. E. was signed to said check with the intent to injure and defraud; and defendant knew that C. E. was a fictitious person, and that the name C. E. had been signed to said check with intent to injure or defraud, and that defendant, so knowing, did knowingly pass said check to S. as true and genuine, then the defendant would be guilty of the charge contained in the indictment;" *Held*, that said charge was correct, and distinctly set forth the law applicable to the facts.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for passing a forged instrument, the punishment being assessed at two years in the penitentiary.

The forged instrument was as follows:

"No. 374.                          "HOUSTON, TEXAS, July 18, 1894.
"*Planters and Mechanics National Bank:*
"Pay to Walter E. Davis, or bearer, $15 (fifteen dollars).
                              [Signed]      "C. EISMAN."

The facts attendant upon the passing of said instrument are sufficiently stated in the opinion. Defendant excepted to that portion of the charge of the court set out in paragraph 2 of the Syllabus, and requested the following instruction, which was refused, viz: "Although you may believe that the defendant made the check in question and wrote the words C. Eisman, yet if you further believe from the evidence that defendant, when he wrote said words C. Eisman, believed

that he was writing the name of the witness C. D. Eison, but by mistake wrote C. Eisman, intending it for the name of a real person, to wit, that of C. D. Eison, you will find defendant not guilty."

*Stanley Thompson*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of passing a forged instrument in writing—a check—which purported to have been executed by C. Eisman in favor of appellant. He passed the check to W. P. Seibert, stating at the time that Dock Eison (C. D. Eison) had given it to him. Seibert cashed the check for the amount called for upon its face. Eison did not execute it, nor authorize its execution, and this the appellant knew. Appellant's representations in regard to the check were false, and there was no contradiction in the testimony upon this point. Eisman was, under the facts, a fictitious person. The charge of the court was correct, and distinctly set forth the law applicable to the evidence. Barnwell v. The State, 1 Texas Crim. App., 745; Brewer v. The State, 32 Texas Crim. Rep., 74.

Appellant requested the court to charge the jury, that if "defendant made the check in question, and wrote the words 'C. Eisman,' yet if, when he so wrote that name, he believed he was writing the name of 'C. D. Eison,' but by mistake wrote 'C. Eisman,' intending it for the name of the real person, to wit, that of C. D. Eison," he should be acquitted. He had no authority to sign the name of C. D. Eison to the check, and knew he had no such authority. Under the facts stated, he was guilty, and should have been convicted, and not acquitted. Authorities above cited.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.