### H. A. JOHNSON v. THE STATE.

*No. 1107.   Decided December 4th, 1895.*

**Forgery—Indictment—Evidence—Fictitious Person.**

An indictment for forgery need not name the party intended to be defrauded; it is sufficient if it alleges an intent to defraud generally. And where the offense is thus

charged, evidence is admissible to prove that the name signed to the forged instrument was that of a fictitious person or company.

APPEAL from the District Court of Rusk. Tried below before Hon. W. J. GRAHAM.

This appeal is from a conviction for forgery, the punishment being assessed at two years' imprisonment in the penitentiary.

No statement necessary.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for two years. The forgery is assigned upon the following instrument: "No. 78. Henderson, Texas, June 2nd, 1894. A. Wettermark & Co., Bankers, pay to the order of H. A. Johnson, or bearer, three hundred dollars. L. M. Pratt & Co. $300.00." Indorsed: "H. A. Johnson." The indictment alleges that said instrument was forged, with intent to injure and defraud. It does not allege that Pratt & Co. were the parties intended to be defrauded. Upon the trial the State proposed and did prove, over the objection of appellant, for the purpose of establishing the fact that L. M. Pratt & Co. had not signed, or authorized any one else to sign, the firm name to the draft; that L. M. Pratt & Co. was a fictitious firm or company, and that there was no such company or persons of that name in the country. This proof was made, and when taken in connection with all the circumstances attending this transaction, established the forgery beyond any question. The objection of appellant was that the indictment, failing to allege that L. M. Pratt & Co. was a fictitious name, such proof could not be made in the absence of such an allegation. If the indictment had alleged that the forgery was with intent to injure and defraud L. M. Pratt & Co., and it should have developed that L. M. Pratt & Co. was a fictitious company, the indictment would have been fatally defective. It would have been inconsistent with the fact, for the accused could not have intended to defraud a person or corporation that did not exist. 2 Bish. Crim. Law, ? 543. At common law, while it was the practice to name the party intended to be defrauded or injured, still an indictment was sufficient which failed to do this. In this State we have held that it was not necessary to the sufficiency of the indictment for it to name the person intended to be injured or defrauded. Under such an indictment proof can be made that the party whose name was signed to the instrument was a fictitious person or company. 2 Bish. Crim. Law; ? 543; State v. Givens, 5 Ala., 747; People v. Peabody, 25 Wend., 472; People v. Davis, 21 Wend., 309. The question before us is not whether the party who makes an instrument, purporting to be a certain person, which person was a fictitious person, would be guilty of forgery. This question is settled in the affirmative by all the authorities. The question here is, on an indict-

ment which does not allege that the fictitious person was intended to be defrauded or injured, but alleges an intent to defraud generally, can proof be made that such person was a fictitious person? Can such proof be made to establish the fact that the instrument was made without authority, and was hence a forgery? We hold that it can, relying upon the above authorities and a great many others. The judgment is affirmed.

*Affirmed.*