## P. HOWARD v. THE STATE.

*No. 1058. Decided June 24th, 1896.*

1. **Forgery—Indictment—Allegation as to Partnership Names.**

It is not necessary, in an indictment for forgery of a firm or partnership name, to set out the names of the individual members of the firm or partnership, as is required in cases of theft or joint ownership, because when a forger means to defraud two or more persons, whether constituting a firm or not, his intent is also to defraud each of them. In averring the intent to defraud all the parties in a firm need not be set out in the averment. Distinguishing, Labbaite v. State, 6 Tex. Crim. App., 483.

**2.  Same—Purport and Tenor—Variance.**

In an indictment for forgery, it is not necessary to set out the purport clause, nor is it necessary that the allegation contain an averment that the act was done with intent to defraud some particular person. It is sufficient if the instrument be set out by its tenor accompanied by the allegation, that it was made without lawful authority and with intent to defraud. But, if the indictment contain both a tenor and purport clause, and there is a variance between them, this will be fatal to the indictment.

**3.  Same.**

Where the indictment sets out the instrument by its tenor alone, proof is admissible that the name is fictitious or that the signature to the instrument is that of a firm or partnership. Following, Johnson v. State, 35 Tex. Crim. Rep., 271.

**4.  Same—Evidence not Objected to—Practice on Appeal.**

Questions and answers of a witness, which were not objected to at the time, and as to which no motion was afterwards made in the trial court to strike them out, will not be considered on appeal.

**5.  Same—Evidence of Previous Crimes of the Same Character.**

On a trial for forgery it is competent to prove that defendant had previously committed a similar offense.

**6.  Same.**

On a trial for forgery, it is not competent for defendant, whose reputation had not been put in issue, to prove that he had formerly held a position of trust at a fair salary.

**7.  Same—Insanity from Drunkenness—Charge.**

Where the defense was temporary insanity from the use of spirituous liquors, and the court charged the jury, in effect, that if defendant, at the time he committed the act, was temporarily insane from the recent use of ardent spirits, it would not acquit him, but would go in mitigation of the punishment. Held: The charge was correct. Following, Evers v. State, 31 Tex. Crim. Rep., 318.

**8.  Same—Insanity—Intent—Charge.**

See, facts stated in the opinion, upon which it is Held: That the court was not required to charge upon the question of insanity in connection with the intent, regardless of the cause which may have produced it.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for forgery; penalty, two years' imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion. Defendant filed a motion in arrest of judgment, based upon the insufficiency of the indictment, which was overruled in the court below.

No further statement necessary.

*Norman G. Kittrell*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of forgery, and given two years in the penitentiary. The indictment is in the following form as to the charging part: That said P. Howard, "with intent

to injure and defraud, did willfully and fraudulently make a false instrument in writing, which said false instrument in writing is to the tenor following: 'Houston, Texas, Feby. 7, 189——. No. 201. Planters' & Mechanics' National Bank pay to P. Howard, or order ($25.00) twenty-five dollars. John Finnigan & Co.'—contrary to law and against the peace and dignity of the State." Appellant filed a motion in arrest of judgment on the ground, "that the indictment does not charge any offense, and specifically sets up that, while the instrument purports to be signed by John Finnigan & Co., there is no allegation who or what John Finnigan is or are. So far as revealed by the indictment, John Finnigan & Co. may be an individual, a firm, or a corporation. Because there is no allegation who composed or constituted the said firm of John Finnigan & Co., the evidence revealing that the same is a firm composed of two partners, but who such partners are is not alleged, as is necessary under the law. Because it is not alleged that said instrument purported to be the act of another, the mere signature of John Finnigan & Co. not disclosing who or what John Finnigan & Co. was or were." Appellant insists that this case comes squarely under the decision of Labbaite v. State, 6 Tex. Crim. App., 483. The indictment in that case had a purport clause, which is not so in the present case. The allegation in the indictment in said case is that it purports to be the act of White & Gibson, but it is stated in the decision that these are simply the surnames of two persons, and their given names are not stated, and it is not stated that they are partners; and the court proceeds to apply the same principle to the allegation of names of the alleged forged persons as is applicable to the owners of stolen property in theft. The case of State v. Harrison, 69 N. C., 143, is also referred to as authority upon this point. The charge in that case was for forging a duebill in the following words: "Due to Wm. H. Harrison for filling of rosin and storing of spirits, $50.00, payable 25th of August. Williams & Murchison"—"with intent to defraud one George W. Williams and one Daniel M. Murchison, against the form of the statute in such case made and provided, and against the peace and dignity of the State." The court says in that case: "The indictment charges that the defendant forged the name of the firm of Williams & Murchison with intent to defraud George W. Williams and Daniel M. Murchison, and there was evidence tending to show that he did forge the name of the firm with intent to defraud the firm, but there was no evidence that George W. Williams and Daniel M. Murchison were the individual members of the firm, and therefore there was no evidence that the intent was to defraud George W. Williams and Daniel M. Murchison;" and the case was reversed on this ground. It will be noticed that in the first case there was a purport clause, and in the last that there was an allegation of an intent to defraud two certain persons, giving their full names, and the case went off on the proof that there was no evidence that George W. Williams and Daniel M. Murchison were the individual members of said firm. With reference to the first case,

it may be stated that we are inclined to differ with the court rendering said opinion to the effect that the same particularity is required in alleging the name of the persons whose names are forged as is required in alleging the ownership of stolen property. On this point we quote from Mr. Bishop as follows: "If the intent is to defraud a firm, the allegation is not required to be in the form essential in laying ownership. There the indictment must set out all the names of joint owners; but here, when a forger means to defraud two or more persons, whether constituting a firm or not, his intent is also to defraud each of them. Therefore the indictment may lay it as to all or as to one or more, less than all, at the pleader's pleasure." See, 2 Bishop's Crim. Proc. § 424. We quote from a note to Wharton's Precedents of Indictments and Pleas (volume 1, p. 282, 4th Ed.), as follows: "All the partners in a firm need not be set out in averring the intent to defraud. Thus where the first count charged the offense to be committed with intent to defraud D. L. and D. L., Jr., and the second count stated the offense to have been committed with intent to defraud the president and directors of said company, and the fourth count, etc., with intent to defraud D. L., the court, on motion in arrest of judgment, held that the omission of one of the partners in one count and two of them in another, was not fatal; for the acquittal on such an indictment will always be a bar to another prosecution for the same forgery, though laid with intent to injure some other person." The ordinary form of an indictment at common law contained a purport clause, and the rule seems to have been that the indictment should allege an intent to defraud some particular person. See, 1 Whart., Prec. Ind., pp. 274, 282. But under our system it is not necessary to set out the purport clause, nor is it necessary that the allegation contain an averment that the act was done with intent to defraud some particular person. It is sufficient merely if the instrument be set out by its tenor, and that the indictment contain an allegation that the same was made by the defendant without lawful authority, and with intent to defraud. See Westbrook v. State, 23 Tex. Crim. App., 401. However, it has been held in a number of cases that where the indictment contains a purport clause, and the instrument is set out by its tenor, and there is a variance between the purport and tenor clauses, it will be fatal to the indictment. In the case of Labbaite, above cited, the real question in that case was as to whether, when the indictment proposed to set out by a purport clause the names of the parties whose names were forged, it should set out their full names, and, if a partnership, that the names of the co-partners be stated as such. And the North Carolina case, as we have seen, was decided on the proposition that, the prosecution having alleged the full names of the parties intended to be defrauded, the evidence did not support the allegation. So we take it that neither of said cases is an authority in this case. Here we have no purport clause, nor have we an allegation that the act was done with intent to defraud any particular person. We have the instrument simply set out according to

37th Tex. Crim. Rep.—32.

its tenor, with the allegation that the appellant made the same without lawful authority, and with intent to defraud. In support of the allegation of the indictment it became necessary for the State to prove that the defendant signed the name of John Finnigan & Co. to said instrument without lawful authority, and with intent to defraud. John Finnigan & Co. might be the name of a fictitious person, and it might be a commercial establishment conducted under said name by John Finnigan alone, or by John Finnigan and one or more firm members. In Johnson v. State, 35 Tex. Crim. Rep., 271, this court held that, where the name of the alleged forged party was that of a fictitious person, the indictment need not allege this, but that proof that the name was fictitious could be made under the allegation that said instrument was made without lawful authority. In that case the name of the fictitious person was that of a firm, and, if such proof can be made where the name of the alleged forged party was fictitious, we see no reason why the same proof cannot be made under an allegation that the instrument was executed without lawful authority, where the firm is in existence. In our opinion, the Johnson case is based upon correct legal principle, and is supported by the authorities, and is decisive of the question here presented. Appellant assigns as error the action of the court with regard to the examination of one Robert Howard, a witness for the defendant. Said witness had testified that he was acquainted with the reputation of the defendant for honesty and fair dealing in Galveston County, prior to the transaction charged against him, and that it was good. On cross-examination by the State, counsel asked witness, "Is it not a fact that the defendant has once before been convicted of forgery in Galveston County?" And said witness answered, before objection, "No, sir; not in Galveston County." The District Attorney then asked said witness was he (defendant) "convicted somewhere else, then?" To which the defendant's counsel objected on the ground that it was not proper cross-examination; that the State should be confined to the defendant's general reputation as to integrity and honesty in Galveston County. The objection of the appellant was sustained, and the question was not answered. Appellant contends that injury was done him by the answer of the witness already made, to-wit: "No, sir; not in Galveston County;" and also because the question itself was not a legal one, and was calculated to prejudice the appellant before the jury. With reference to the first objection, it is sufficient to say that the question was propounded and the answer elicited and no objection made to the testimony, and no motion was made to strike out the same. Moreover, in asking the question if appellant had committed a similar offense in Galveston County, Texas, it seems that the same was admissible. See, 3 Rice, Ev., pp., 603, 605, and authorities there collated. With reference to the second objection, it does not appear to us that the asking of the question, which was not permitted by the court to be answered, was calculated to prejudice the appellant. And in our opinion it was not competent for the appellant to prove that he held a position of trust at a fair salary in Gal-

veston. This was no evidence of reputation, and it was not pertinent to any issue in the case. Objection is also made to the charge of the court on temporary insanity produced by the recent use of ardent spirits. The court, in effect, told the jury that if appellant, at the time he committed the act (if he did commit it), was temporarily insane from the recent use of ardent spirits, it would not acquit him, but it would go in mitigation of the punishment. This charge was in accordance with the decision of this court in Evers v. State, 31 Tex. Crim. Rep., 318. Counsel for appellant, however, insists that such cannot be the rule of law, and asked special instructions on the subject, covering the question of insanity in connection with fraudulent intent. We do not believe that the facts in this case required a charge on the doctrine of temporary insanity produced from the recent use of ardent spirits at all, and so it is not a proper case in which to review the former decision of this court. No witness in this case testified to the temporary insanity of the appellant at the time he committed the alleged forgery. Robert Howard, a brother of the appellant, was not in Houston at the time of said forgery. He testifies that he heard of the defendant being in Houston on a spree, and when he got there he found him very drunk, and he took him to Galveston with him. Doucett stated "that when the defendant gets under the influence of liquor he gets very drunk, and that the defendant wanted him to cash the check in question"; and he says "that when the defendant came to him he was not so drunk that he did not know his own identity, and was not so drunk that he did not know that he was not John Finnigan & Company." F. M. Joseph, a cousin of the defendant, testified that he met him on the streets of Houston, somewhere about that time, and that he was in a fearful condition; that he was very stupid, caused either by liquor or morphine, or something of the kind; that he was talking foolishly, and he said that Finnigan & Co. owed him money, and he was going to stay in Houston until he got it. This witness stated that he did not know his condition at the time he signed the check. This is all the testimony regarding his temporary insanity offered by the defendant, and the circumstances of the passing of the check in this case do not indicate that he was in such a condition that he did not know right from wrong, or that he did not know that the act he was then doing was wrong. We do not believe the evidence called for or required the court to charge on the question of insanity in connection with intent, regardless of the cause by which the same may have been produced. There being no errors, the judgment is affirmed.

*ffirmed.*