## VIRGIL DAVIS v. THE STATE.

### *No. 1265.   Decided February 24th, 1897.*

**1.   Forgery—Allegations and Proof—Variance.**

Where an indictment for forgery alleged, in the purport clause, that the forged instrument purported to be the act of L. V. T., and, as set out in the tenor clause, it was the act of L. V. T., and the instrument offered in evidence corresponded with the allegations and was signed L. V. T. But, the State introduced as a witness, one L. B. T., who testified, that he knew no L. V. T. in that community. Held: This did not constitute a variance.

**2.   Same—Fictitious Person.**

Even if it be conceded that a difference in the middle initial of a name could constitute a variance, it would not aid defendant, because if L. V. T. was a fictitious person, the forgery of the name of a fictitious person would constitute the offense charged. Following, Johnson v. State, 35 Tex. Crim. Rep., 271.

APPEAL from the District Court of Johnson. Tried below before Hon. J. M. HALL.

APPEAL from a conviction of forgery; penalty, two years' imprisonment in the penitentiary.

No statement necessary.

No brief for appellant.

*D. W. Odell*, County Attorney, and *'Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years in the penitentiary, and prosecutes this appeal. The indictment charges that the alleged forgery purported to be of the name of "L. V. Truelove," and the tenor clause sets out the instrument, which also contains the name, "L. V. Truelove." The instrument as introduced in evidence corresponded with that set out in the indictment. On the trial the State introduced as a witness, L. B. Truelove, who testified he lived in the vicinity of Alvarado, and that he knew of no L. V. Truelove in that community. The fact that the State introduced testimony tending to show that no person bearing

the name of L. V. Truelove lived in that neighborhood did not consti-
tute a variance. If it be considered that L. B. Truelove was the per-
son whose name was intended to be forged, and it be conceded that the
difference in the middle initial would be a variance, still it does not
occur to us that appellant can complain. The defendant could forge
the name of a fictitious person, and the indictment need not allege that
such person was fictitious; and, the proof showing that such a person as
L. V. Truelove did not exist in that community, and was a fictitious
person, forgery of such fictitious name would constitute the offense
charged. See, Johnson v. State, 35 Tex. Crim. Rep., 271, and Chap-
man v. State (Tex. Crim. App.), 34 S. W. Rep., 621. We have care-
fully examined the proof in this case, which is of a circumstantial
character, and, in our opinion, it is sufficient to sustain the conviction
of forgery. The judgment is affirmed.

*Affirmed.*