## AARON LINDSEY V. THE STATE.

No. 8140.  Decided May 7, 1924.

Rehearing denied October 24, 1924.

1.—Selling Intoxicating Liquor—Evidence—Admission of Immaterial Evidence is Harmless.

Where witness is permitted over objection of appellant to state that he had been a Texas ranger, such evidence being immaterial its admission, if error, was harmless.

2.—Same—Sustaining Objections to Testimony by Trial Court.

Where the trial court sustained objection by appellant to question asked a witness on cross-examination by the state, no error is presented.

3.—Same—Application for Suspended Sentence—Appellant's .General Reputation.

When appellant has filed an application for a suspended sentence, this puts his general reputation as a peaceable and law abiding citizen in issue. See Overby v. State, 242 S. W., 213.

Appeal from the District Court of Williamson County.  Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction of selling intoxicating liquor.  Penalty, two years in the State penitentiary.

*J. F. Taulbee,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson county of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

There is a bill of exceptions complaining that the State witness who bought liquor from appellant was asked if he had ever been a Texas ranger.  We do not observe any harm from the question and answer.

We do not think the question asked State witness as to what he did after he got the whisky from appellant, presents any error.  The witness stated that he left appellant and came back to Georgetown and turned the whisky over to a deputy sheriff.

Appellant's chief complaint seems to be of the fact that while his brother was testifying for the defense he was asked if defendant had not been making whisky up there and selling it, to which he replied he did not know anything about what he had been making, whereupon the State's attorney said to him: "Well, they captured a still up there in his yard, didn't they?"  Objection to this last question was sustained.  But it is urged that the asking of this question was harmful.  The bill is qualified by the statement that the witness was offered by the defense as a character witness, and that the purpose of the cross-examination was to  test the knowledge of the witness as to violations of the law which if known to said witness would weaken the force of his testimony.  The witness was not asked what the reputation of appellant was in regard to making or selling whisky, which is the matter announced as objectionable in Gothard v. State, and Burns v. State, 252 S. W. Rep., 508, cited and relied upon by appellant.  In those cases we simply said that one on trial for a felony,

could not be attacked by direct proof that he had a bad reputation in the community in which he lived for doing these things which constituted the crime charged against him. The principle involved in the question before us is very different. The State sought to test the knowledge of the brother that appellant had been making and selling whisky by asking as to matters known to the witness.

Appellant's brother was also asked if he knew appellant's general reputation in the community in which he resided for being a peaceable and law-abiding citizen. This is complained of. It appears from the record that appellant had filed an application for a suspended sentence. This put his general reputation as a peaceable, law-abiding citizen in issue. Overby v. State, 242 S. W. Rep., 213. There was no error in the State asking appellant's brother in regard to the matter under discussion. What we have just said is true of the testimony of witnesses Allen and Russell who testified that appellant's reputation in the community in which he lived for being a peaceable, law-abiding citizen was bad.

The evidence amply supports the verdict and seems to show without dispute that at the time charged in the indictment witness for the State bought from appellant whisky for which he paid him $6.50.

The judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—The only complaint in this motion is to our disposition of the bill of exceptions complaining that the State's attorney asked appellant's brother while testifying for the defense if the appellant had not been making whisky up there and selling it, and that when witness answered in the negative said State's attorney further asked him as to the capture of a still in appellant's yard.

The objection to this question having been sustained, this court would not reverse the case because same was asked, even if the court's qualification to the bill had been omitted. However, the court did qualify the bill by the statement that this witness was a character witness for the accused and that the evident purpose of the question was to ascertain what he knew about the character of the accused as a peaceable, law-abiding citizen at or about the time of the alleged commission of the offense. Appellant accepted said bill of exceptions with said qualification upon it and is bound thereby. In as much as the issue in the case was whether the accused had been selling whisky and it would be material to show that he had a still in his yard and was engaged in the manufacture of liquor at or about the time of the alleged sale, we are unable to perceive any harm which could possibly accrue to him by virtue of such question.

The motion for rehearing is overruled.

*Overruled.*