### JAKE MILLER v. THE STATE.

#### No. 10070.    Delivered March 31, 1926.

**1.—Aggravated Assault—Bills of Exception—Question and Answer Form— Not Considered.**

In spite of the plain provisions of our statutes, and the unbroken line of decisions of this court, that bills of exception in question and answer form cannot be considered, such bills continue to appear frequently. Appellant in this cause has several such bills, and the matters complained of cannot be considered.

**2.—Same—Bills of Exception—Qualifications of Court—Practice on Appeal.**

Where a bill of exception is qualified by the trial judge, on appeal to this court, it is considered by us as qualified. If appellant is not satisfied with the qualification of the court below to his bills of exception, he may have the court certify that he objected and excepted to the qualifications of the court, and if the trial court files no bill of his own, then the bill as originally prepared by the appellant will be considered on appeal without the court's qualification thereto.

##### ON REHEARING

**3.—Same—Bill of Exception—Considered as Qualified.**

The appellant will not be heard to complain that the qualification to

his bills of exception are not borne out by the record, where the bils are accepted without objection to the qualification. This court must accept the qualification as a recital of the true facts, in the absence of an objection to it.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for an aggravated assault, penalty a fine of $100.

The opinion states the case.

*E. O. Northcutt* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is aggravated assault, and the punishment is a fine of $100.00 and confinement in the county jail for a period of four months.

Some of the bills of exceptions are in question and answer form and under the repeated decisions of this court will not be considered for that reason. Each of the other bills are so qualified by the court as to show no error. In every instance where any bill raises a question appellant has accepted them with a qualification placed thereon by the trial court which shows beyond controversy that the court's ruling was correct. We have repeatedly called attention of counsel to the fact that when the court qualifies a bill of exceptions and appellant accepts it as qualified that he is bound by the qualification. If he desires to relieve himself from this situation, the decisions of this court have repeatedly stated that his right to so do is clear and plain. He may simply have the court certify that he objected and excepted to the qualification placed on the bill by the trial court and if the trial court files no bill of exception of his own then the bill as originally prepared by the appellant will be considered without the court's qualification thereto. It will not avail an appellant to accept the court's qualification to a bill without objection and then complain concerning the same.

We have carefully examined the statement of facts in this case and while the evidence is highly conflicting, yet we have reached the conclusion that it is sufficient to support the verdict.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have examined the record in the light of appellant's motion and are confirmed in the view that the original opinion properly disposed of the case.

The facts sustain the conviction. The conflicts in the evidence are for the jury to determine, and they have settled them in favor of the State.

Appellant's complaint that the court's qualification to his bills are not borne out by the record is not available where the bills are accepted without objection to the qualifications. This court must accept the qualification as a recital of the true facts in the absence of an objection to it.

The motion is overruled.

*Overruled.*