## LEONARD COBB V. THE STATE.

No. 10137.   Delivered June 2, 1926.

Rehearing denied October 20, 1926.

### 1.—Forgery—Variance—Not Material.

Where, on a trial for forgery, the alleged forged instrument introduced in evidence is identical in every particular with the instrument as set out in the indictment, except for the word "forgery" written on the back of the check, as the proof showed by the bank where it was presented for payment, no variance is shown.

### 2.—Same—Continued.

Proof that the instrument alleged to be forged had on it those things which are not a part of the alleged forgery relied on, or which were placed on such instrument subsequent to the alleged forgery, and which were unnecessary to be set out in the indictment, will not constitute a variance between the allegation and proof.  See Branch's Ann. P. C., p. 860, and cases there cited.

### 3.—Same—Statute Construed.

Our statute, Art. 929, Branch's P. C., provides that the term "another" as used in the forgery statute, applies to any other person except the person engaged in the forgery, and where a check was forged by appellant by signing same "Liberty Cafe, by Geo. Angelo," the fact that Geo. Angelo was a fictitious person, would not enure to the benefit of the appellant. On the contrary, under the terms of the statute itself, this was sufficient on which to predicate an action for forgery.

### 4.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant complains at the action of the court in permitting the state to reproduce the testimony of a witness, absent from the state, but sets out no fact which would show that said testimony was not admissible, no error is presented.  The mere statement of the grounds of objection in a bill is not a certificate of the judge that facts which formed the basis of the objection are true.  Following Smith v. State, 4 Tex. Crim. App. 630, and other cases cited.  Also see Branch's Ann. P. C., Sec. 200, for collation of authorities.

#### ON REHEARING.

### 5.—Same—Charge of Court—On Circumstantial Evidence—Rule Stated.

Where, on the trial of a case, depending on circumstantial evidence, the court fails to submit that law in his charge, to avail one of the failure to so charge on circumstantial evidence, there must be either an exception to the charge of the court, or a special charge presenting such theory requested.  Following Charles v. State, 85 Tex. Crim. Rep. 534; Givens v. State, 98 Tex. Crim. Rep. 651.

### 6.—Same—Variance—Not Shown.

Where a forged check was signed "Liberty Cafe, by Geo. Angelo,"

.and the indictment did not allege that Geo. Angelo was a fictitious person, proof of the fact that there was no person by the name of Geo. Angelo, did not constitute a variance between the allegation and proof. Following Davis v. State, 34 Tex. Crim. Rep. 117, and other cases cited.

### 7.—Same—Evidence—Held Sufficient.

It is clearly established in this record that appellant, without authority, signed the name, "Liberty Cafe, by Geo. Angelo." Endorsed the name of the payee of the check on the back thereof and cashed it. It was not necessary to prove that "Geo. Angelo" (who was in fact a fictitious person) had authority to sign the name "Liberty Cafe" to checks. Every element of the offense seems to appear in the record, and the motion for rehearing is overruled.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for forgery, penalty two years in the penitentiary.

The opinion states the case.

BERRY, JUDGE.—The offense is forgery, and the punishment is two years in the penitentiary.

The testimony is entirely sufficient and seems to be without dispute to the effect that the appellant forged the following instrument in writing:

"LIBERTY CAFE                                  No. 3396
The Place of Quality

                        Beaumont Texas,      1/3      1925
Pay to H. C. Taylor                       or order        $42.50
Forty-Two_____50/xx     Dollars
To THE TEXAS NATIONAL BANK

                                          LIBERTY CAFE.
          Beaumont, Texas.                By Geo. Angelo."

Endorsed on back of instrument in writing:
          "H. C. Taylor"

By his first complaint appellant alleges that the court erred in refusing to instruct a verdict of not guilty. The court ruled correctly in this matter. As above stated, the evidence not only shows the guilt of appellant but it shows it without dispute in our judgment.

By various complaints appellant contends that there is a variance between the allegations in the indictment and the proof offered on the trial. The record discloses that the check offered in evidence was identical with the one described in the indict-

ment save that it shows that it had been endorsed by H. C. Taylor and had written across it the word forgery. The party to whom the check was given testified that before he took the check he saw the appellant endorse the back of it with the name of H. C. Taylor, and afterward the bank to whom it was presented for payment wrote across the face of it the word forgery. These facts were insufficient to show a variance. Mr. Branch correctly states the rule on page 860 of his P. C., as follows:

"When a variance is claimed it should be remembered that the state is not required to allege or prove that the instrument in writing alleged to be forged was burdened or ornamented with stamps, monograms, memorandums, indorsements, or writings, which are not a part of the alleged forgery relied on or which were placed on such instrument subsequent to the alleged forgery. Proof that the instrument alleged to be forged had on it those things or added matters which were unnecessary to set out in the indictment will not cause a variance between the allegations and the proof. Labbaite v. State, 6 Tex. Crim. App. 262. Hennesy v. State, 23 Tex. Crim. App. 354, 5 S. W. 215. Burks v. State, 24 Tex. Crim. App. 326, 6 S. W. 300. De Alberts v. State, 34 Tex. Crim. Rep. 510, 31 S. W. 391. King v. State, 38 S. W. 191. Leslie v. State, 47 S. W. 368. Davis v. State, 156 S. W. 1171."

Appellant also contends that as the check was not purported to be signed by the person who was authorized to draw funds belonging to the Liberty Cafe, that it was a nullity and that forgery could not be predicated upon it. Art. 939, Branch's P. C., provides that the term "another" as used in the forgery statutes applies to any other person except the person engaged in the forgery. The check purported to be signed by the Liberty Cafe, and the fact that the name signed to it was fictitious, in no way enured to the benefit of the appellant. On the contrary, under the terms of the statute itself, this was sufficient on which to predicate an action for forgery.

Objection is made to the court's action in permitting the County Attorney to reproduce the testimony of a witness who had moved out of the state. The court's action in this matter was in conformity with the precedents. Besides, the bill itself states no facts which would show that said testimony was not admissible. It has been repeatedly held that a mere statement of the ground of objection in a bill of exception is not a certificate of the judge that the facts which formed the basis of the objections are true. Smith v. State, 4 Tex. Crim. App. 630.

Robbins v. State, 272 S. W. 176.   See Sec. 209, Branch's Ann. P. C. for full collation of authorities on this question.

There being no error shown in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The case was one of circumstantial evidence, but no exception to the failure of the court to submit that theory, appears in the record.   In order to avail one of the failure to charge on circumstantial evidence, there must be either an exception to the charge of the court or a special charge presenting such theory.   Charles v. State, 85 Tex. Crim. Rep. 534; Givens v. State, 98 Tex. Crim. Rep. 651.

The alleged forged instrument was in the form of an ordinary check calling for the payment of money.   The Liberty Cafe in Beaumont, Texas, had a check book specially prepared for their use, in which forms appeared the name of the drawer thereof as the "Liberty Cafe, by_____," it being requisite to complete the check and make it call for the payment of money, that the blank be filled out by some person.   In the alleged forged check as set out in the indictment the blank appeared to have been filled out by George Angelo.   It was not alleged in the indictment that George Angelo was a fictitious person.   Proof of the fact that there was no person of that name constituted no variance.   Davis v. State, 34 Tex. Crim. Rep. 117; Johnson v. State, 35 Tex. Crim. Rep. 272; Davis v. State, 37 Tex. Crim. Rep. 218; Spicer v. State, 52 Tex. Crim. Rep. 178.

There would seem no possibility of sound contention that the alleged forged instrument copied in the indictment would not, if true, have created a pecuniary obligation.   It is not alleged in the indictment that the check would have been the obligation of the Liberty Cafe, and it was not necessary for the proof supporting the state's contention to show that the check was made by authority to sign the name of the Liberty Cafe to such instrument.   The instrument set out created no legal obligation against the Liberty Cafe, because not signed by anyone connected with said cafe or authorized to fill out the blank upon said check.   If George Angelo had authority to fill out such blank, the instrument set out would have created an obligation

against said cafe. The manifest purpose of the execution of the check as set out in the indictment, was to create the impression that George Angelo had the right to bind the Liberty Cafe in the execution of such check.

The check was passed by appellant who endorsed thereon the name of the payee appearing on the face of the check. The endorsement was no part of the instrument. Every element of the offense of forgery seems to appear in the record.

We have examined the able motion for rehearing, filed by appellant's counsel, with care, but are unable to agree with any of the contentions, and the motion will be overruled.

*Overruled.*