WALTER W. REYNOLDS V. THE STATE.

No. 10596.   Delivered January 19, 1927.

**Forgery—Circumstantial Evidence—Held Sufficient.**

Where, on a trial for forgery, the state relied upon circumstantial evidence to establish that the name signed to the forged instrument was a fictitious name, same was sufficient, as such fact may be proven by either direct or circumstantial evidence.   See Johnson v. State, 33 S. W. 231; Chapman v. State, 34 S. W. 621; Mettall v. State, 232 S. W. 315, and Cobb v. State, 286 S. W. 1086.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction for forgery, penalty four years in the penitentiary.

The opinion states the case.

*Frank H. Rawlings* of Dallas, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of forgery, and his punishment assessed at confinement in the penitentiary for a term of four years.

The instrument set out as the basis for the prosecution was a check on the First National Bank of Dallas for $35, naming John Sellers as payee, and purporting to be the act of one E. M. Marshall.   The state showed by circumstances that the signature was forged, introducing the witness, Allan F. Marshall, who was a member of the firm of Joplin & Marshall, contractors, a resident of Dallas, who testified he did not know E. M. Marshall,

and further, he did not know whether or not there was a man by that name, and that he knew there was no one in Texas by that name. Circumstantial evidence may be introduced to prove the name signed to the forged instrument was a fictitious name. This disposes of bills of exceptions Nos. 1 and 2 adversely to appellant's contention. Johnson v. State, 33 S. W. 231; Chapman v. State, 34 S. W. 621; Mettall v. State, 232 S. W. 315; Cobb v. State, 286 S. W. 1086.

Appellant's bill of exceptions No. 3 does not appear to have been examined and approved by the court, and for this reason will not be considered.

Appellant's bill of exceptions No. 4 complains that the statement of facts filed by the court as the statement of facts in this cause is not true and correct. This bill as qualified shows no error. Miller v. State, 282 S. W. 812.

The facts are amply sufficient to justify the inference by the jury that the name signed to the check was in fact a fictitious person. The evidence is sufficient to show that the check was forged and the verdict of the jury is amply supported by the facts.

There being no errors in the record the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.