ROBERT THOMPSON V. THE STATE.

No. 19080.   Delivered June 9, 1937.

The opinion states the case.

*R. C. Wilson,* of Austin, and *M. W. Burch,* of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is knowingly passing a forged instrument. The indictment embraced averments to the effect that, prior to the alleged commission of the offense, appellant had been twice convicted of felonies less than capital. Because of repetition of offenses, the punishment was assessed at confinement in the penitentiary for life.

The proof on the part of the State was sufficient to show that appellant passed a forged check to J. H. McLean. The purported maker of the check was shown to be a fictitious person.

It was not necessary for the indictment to embrace an averment to the effect that the purported maker was a ficti-tious person. We quote from Branch's Ann. Tex. P. C., sec. 1410, as follows:

"When the instrument in writing alleged to be forged is an ordinary commercial instrument creating a pecuniary obligation on its face and requiring no extrinsic averments to create a liability, it is not necessary to allege that the purported maker was a fictitious person, and, when it is not alleged who was intended to be defrauded thereby, proof may be made, under the allegation that such instrument was made without

lawful authority, that the purported maker was a fictitious person. Davis v. State, 34 Texas Crim. Rep. 117; 29 S. W. 478. Williams v. State, 32 S. W. 532. Johnson v. State, 35 Texas Crim. Rep. 272; 33 S. W. 231. Chapman v. State, 34 S. W. 621. Davis v. State, 37 Texas Crim. Rep. 218; 39 S. W. 296. Howard v. State, 37 Texas Crim. Rep. 494; 36 S. W. 475. Spicer v. State, 52 Texas Crim. Rep. 178; 105 S. W. 813. Fluewellian v. State, 59 Texas Crim. Rep. 335; 128 S. W. 621."

Appellant contends that the State was not warranted in introducing secondary evidence of the contents of the alleged forged instrument. The statement of facts shows a sufficient predicate was laid for the introduction of secondary evidence. At all events, appellant brings forward no bill of exception complaining of the action of the court in permitting such proof.

The remainder of appellant's contentions have been given careful consideration. The opinion is expressed that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.