# W. H. Stewart v. The State.

No. 23102.  Delivered May 16, 1945.
Rehearing Denied June 20, 1945.

The opinion states the case.

*C. C. McKinney,* of Cooper, *T. J. Ramey,* of Sulphur Springs, and *G. C. Harris,* of Greenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the crime of rape, and by the jury convicted and given a term of five years in the penitentiary.

The facts are rather voluminous, and the record contains 39 bills of exceptions. We will only recite sufficient facts to endeavor to make clear our rulings herein.

The complaining witness was a girl, shown by the State's testimony to have been born on September 16, 1929, the date of the alleged offense being July 22, 1944, making her of the age of fourteen years at such time.

The State's testimony shows a rape, not only by force, but it is also shown by appellant's testimony that he had carnal intercourse with this girl, he claiming same to have been with her consent. The jury's verdict found him guilty of having such intercourse with a female under the age of eighteen years. Under such a finding appellant should be restricted to the defense of prior unchastity of this girl, and such defense finally applies only if she is over fifteen years of age at the time of the act. See Art. 1183, P. C.

The testimony relative to the witness' age is of such force and cogency that one cannot but be convinced that at the time of this complained of occurrence the young lady lacked about a month of being fifteen years of age. See Muniz v. State, 132 Tex. Cr. R. 49, 102 S. W. (2d) 427. However, it is to be noticed that it was shown by appellant's witness that prior to this occurrence this young lady had said, relative to her age, that she was sixteen years old. Appellant, in his testimony, admitted the act of intercourse, but claimed same to have been with the consent of the girl, and also testified to a previous act with her with her consent.

Appellant denies the use of any force towards the accomplishment of his act, but claims that the prosecutrix willingly entered into the act, and no violence or force of any kind was used by him. There is no contention made relative to her age other than that above alluded to. Nowhere does appellant say what he thought the young lady's age was. The doctor who was present at her birth gave the date as September 16, 1929, and also did the mother and father of the young lady, and the county clerk testified that the birth certificate of the child showed it to have been born on September 16, 1929, and no attempted contradiction of this date appears in the record. Under these facts, and appellant's testimony, the jury found appellant guilty of rape under the age of consent, and we confess we are unable to see how they could have done otherwise. The only method in which an error could have materially affected this case was rela-

tive to the issue of suspended sentence, appellant himself having fixed his guilt.

We, therefore, come to a consideration of the major portion of appellant's bills of exceptions, many of which relate to the cross-examination of appellant's character witnesses. In bill No. 2 the appellant proved by the witness A. A. Brice his good reputation as a peaceable and law abiding citizen, and the State, upon the cross-examination of Mr. Brice, asked the witness: "Did you hear, prior to July 22, 1944, about him being accused of stealing a pair of gloves from the Chicago Store in Cooper?" which question was objected to by appellant's attorneys upon the grounds that "the matter inquired about was not definite in point of time; that the district attorney did not expect to make proof of that fact and could not do so, and because the district attorney was not acting in good faith, prejudicial to the rights of the defendant and inflammatory." No answer of the witness is shown in said bill. The trial court qualifies this bill by showing that appellant had properly filed his application for a suspended sentence herein, and that while on the witness stand in his own behalf appellant testified, in answer to questions by his own counsel, that at the time of his trial for rape he was also under a felony indictment for the offense of arson; that the charge of arson was returned against him at the same time as this charge of rape. Again he testified in answer to questions by his counsel: "Prior to the present charge and accusation, of date July 22, 1944, I was never charged with any violation of the law whatsoever in any court." It is also shown in such qualification that the witness Brice had testified, in answer to the following question propounded by appellant's counsel: "Have you ever heard in your life prior to July 22, 1944, that the defendant has ever been accused of anything?" to which the witness answered "No, sir." Again, Mr. Brice was asked by appellant's counsel: "Have you ever heard he (defendant) had been accused of stealing from anybody?" to which witness answered: "No, sir, I have not."

Bill No. 3 relates to a similar proceeding relative to this same witness, Brice being asked: "Prior to July 22, 1944, did you hear about him being accused of theft of a package from an automobile on the square in Cooper, and taking it out and throwing it in a roadside ditch about Christmas before that?" to which the same objections were leveled as is shown in the preceding bill No. 2, and the same qualifications are appended to this bill No. 3.

Bill No. 4 relates to the same witness being asked: "Prior to July 22, 1944, did you hear of him being charged or accused of putting sugar in the gasoline tank of the school teacher over there?" with the same objections and qualifications as are set forth in the statement relative to bill No. 2 above.

Again, in bill No. 5 the objected to question to the same witness being: "Prior to July 22, 1944, did you hear about him being accused of stealing gasoline from the Antioch filling station?" with the same objection and qualification as set forth in bill No. 2.

Bill No. 6 relates to the district attorney being permitted to ask this same witness if he had heard about appellant being indicted for burning the school house in Cooper. This bill is in the same condition as those previously referred to, and shows no answer from the witness to such question.

Bill No. 7 relates to the same witness being asked the following: "I will ask you if you ever heard, prior to July 22, 1944, of him being charged with breaking into and theft of a quantity of rubber goods from the Hooten Drug Store in Cooper, Texas?" with the same objections and qualification as the preceding bills.

Bills Nos. 8 and 9 relate to the testimony of Roy Cornish, bill No. 8 being similar to the above bills, both concerning witness having heard of appellant being accused of and indicted for the burning of the Cooper school house. There appears in the bill no answer to this question, but the same objections and qualification again are present.

All these above mentioned bills can be treated together. Appellant had filed a plea for a suspended sentence in the event of a conviction, and under the statute his reputation up to the time of the trial became a legitimate matter of inquiry. In support of his good reputation as a peaceable law-abiding citizen he presented a large array of witnesses, who uniformly gave him a good reputation, the State countering, however, with a lesser number to the contrary. It is said that one's general reputation is what is generally said of him in the community in which he lives,—see Words & Phrases, Perm. Ed., Vol. 37, p. 78,—and, of course, is necessarily based upon hearsay, or on what people generally say about him. It has long been held in this State that where one qualifies as being familiar with such a matter of opinion upon the part of the public, his means of knowledge as well as his sincerity of belief in his expressed opinion also be-

come a material and proper matter of examination, and oftentimes render admissible a reference to specific acts which seem to be pertinent.

We said in Brown v. State, 92 Tex. Cr. R. 147, 242 S. W. 218:

"Specific acts become available upon cross-examination for the limited purpose of measuring the weight of the witnesses' testimony, but are not pertinent as original testimony upon the issue of reputation. Howard v. State, 37 Texas Crim. Rep. 494; Branch's Ann. Tex. Penal Code, p. 617; Underhill on Crim. Evidence, sec. 325; Cyc. of Law & Proc., Vol. 12, p. 416, note 53; Holsey v. State, 24 Texas Crim. App. 35. A general inquiry such as that in question, especially when it has already been developed that appellant had not been convicted of a felony, tended to elicit evidence which was not competent upon the issue of reputation as original testimony. Inquiry should be confined to the knowledge of the witness of the general reputation. His means of knowledge may be tested by cross-examination drawing his attention to specific acts which are pertinent. This, we think, was the rule at the time the Suspended Sentence Law was enacted, and is the rule that should still be observed."

The witnesses to appellant's good reputation were each asked the question relative to whether they had heard of appellant's reputed misconduct, and all answered that they had not. If the State's attorney had no basis for the asking of such questions, then his action in asking same would not have been in good faith, and should not have been tolerated by the trial court, but we find no evidence of such bad faith upon such attorney's part shown herein, and under such a plea the legitimate right of cross-examination should not be abridged. See Vallone v. State, 141 Tex. Cr. R. 220, 147 S. W. (2d) 227, opinion on rehearing. Also see Texas Law of Evidence, p. 862, where it is said: "Witnesses testifying as to the good reputation of defendant may be asked on cross-examination whether they have heard of acts of misconduct on the part of the accused for the purpose of testing the credibility of their testimony," citing Duhig v. State, 78 Tex. Cr. R. 125, 180 S. W. 253; although such acts of misconduct did not involve moral turpitude; Williamson v. State, 74 Tex. Cr. R. 289, 167 S. W. 360; Hollman v. State, 87 Tex. Cr. R. 576, 223 S. W. 206.

We find a clarification of this rule relative to the cross-examination of a character witness in matters wherein a suspended sentence is involved in Johnson v. State, 91 Tex. Cr. R.

582, in the opinion on motion for a rehearing, and we understand such rule to be as follows: Upon such cross-examination a witness can be asked as to whether or not he had heard of certain acts of misconduct upon the part of accused, but cannot usually be called upon to testify as to the facts relative to such acts, even though he knows such facts. We think under the authorities above cited there is no error shown in such bills.

Bill No. 10 refers to a question asked the witness Wood as to what direction the school house was from the court house square, to which question the witness answered: "I reckon it is southwest, a little southwest." In answer to an objection to such question and answer the court sustained such objection, and withdrew the same from the jury. While we do not see the materiality of the question, and same is not shown in the bill, in the light of the trial court's action herein we fail to see any error therein.

Bills Nos. 11, 12, 13, 14, 15, 16 and 17 are ruled by what we have heretofore said relative to bill No. 2, etc.

Bill No. 18 relates to the district attorney asking the character witness Moxley if he had heard of the burning of the school building in Cooper, and the witness answered that he had heard it mentioned. Upon motion of appellant's attorneys the question and answer were withdrawn from the jury and they were instructed not to consider the same for any purpose. We see no error reflected herein.

Bills Nos. 19, 20, 21, 22, 23, 24, 25, 26, 27, all relate to the matters discussed in the first portion of this opinion, which we think were based on testing the sincerity of appellant's character witnesses, and we think they evidence no error, as was said in the first portion of this opinion.

Bill No. 28 complains because the trial court refused to allow appellant to introduce in evidence the envelope and letter from the United States Army Service calling him to report to an examining board relative to duty in the U. S. Air Force. We think that this testimony was not relevant to any matter at issue in this case, and was properly refused, it being shown that appellant had previously testified without objection as to the contents of such notice.

The burden of bill No. 29 relates to the refusal of the trial court to allow appellant to testify that he was not guilty of a

charge of arson which had been previously shown to be pending against him by means of an indictment. The record shows that on his direct examination appellant testified that "Prior to the present charge and accusation, of date July 22, 1944, I was never charged with any violation of law whatsoever in any court; I paid a dollar fine for parking wrong in Dallas. Outside of that I have never been charged in any court with any violation of law whatsoever, small or large." Upon his cross-examination he testified: "Yes, I testified I had not been charged with anything. Yes, I am the same W. H. Stewart now under indictment returned by the grand jury for burning the school house in Cooper." Again, on re-direct examination he said: "That charge of arson was returned against me at the same time as in this case, August 1 I believe the date was. No, I was not charged with that charge until I was charged in this case."

Unquestionably proof of the indictment for arson was admissible as affecting the plea of suspended sentence, as well as the credibility of the witness, although found after the date of this alleged offense. See Lovelady v. State, 95 Tex. Cr. R. 571, 255 S. W. 415; Lindsey v. State, 98 Tex. Cr. R. 173, 265 S. W. 162. The question here before us, however, is should appellant have been allowed to deny his guilt in the arson case. The trial court's qualification to this bill shows that the witness would have answered that he was not guilty in the arson case, and the trial court was of the opinion that any answer thereto would have "called for an opinion and conclusion of the witness of law and fact, and was a self-serving declaration." However, it is worthy of note that the evidence of any misconduct upon the part of appellant was in every instance, where interrogated about, confined to a period of time previous to July 22, 1944, the date of the alleged offense for which he is herein upon trial. Just why the misconducts of appellant should all refer to dates prior to the date of the alleged rape we are unable to say. Under the decisions, appellant's reputation up to the time of the trial was admissible upon the question of a suspension of the sentence, but be that as it may, it seems evident that the proposition relative to the finding of the indictment concerning the burning of the school house was only offered as affecting the credibility of the appellant as a witness, and it was thus limited to such in paragraph 11 of the court's charge, which says in part:

"This testimony was admitted for the purpose of aiding you, if it does, in passing upon the credibility of the defendant as a witness in his own behalf, and you cannot and must not consider said testimony for any other purpose whatever."

It is evident from this bill No. 29 that appellant, had he been allowed to answer this question, would have answered "that he was not guilty of the charge of arson." We think the answer would have called for a conclusion and opinion of the appellant upon a question of law and fact, relative to a matter still pending, and surely not yet having been tried. We are further of the opinion that limited, as was the fact of the finding of an indictment for burning the school house, to the credibility of the witness, and his receiving the lowest penalty for the offense herein charged, same did not affect the trial of this case, nor the matter of a suspended sentence; and the further fact of appellant's own testimony having evidenced his guilt of the fact herein charged, relieves this question of any doubt relative to there being error presented. This bill will be overruled.

Bill No. 30 probably had its inception in the testimony of Mrs. Josie Ballard in which she testified that on the night in question she lived some distance from the scene of this trouble. That she knew the prosecutrix and was familiar with her voice. That some time in the night of July 22, 1944, the barking of dogs awakened her about 1 o'clock; she went out on the gallery and heard a girl screaming "Oh mamma, mamma—mother, mother"; these screams came from toward the cemetery; this was the voice of prosecutrix, and sounded like a woman in distress. While arguing this matter before the jury the district attorney said: "You know when those things come to me, to us, when we get in a situation like this, we can appreciate Mr. Bangs resting the case with twelve jurors rather than take the law in his own hands." An objection to this argument was made by appellant's counsel, and before they had stated their reasons for such objection, the trial court withdrew the remarks from the jury and instructed them to not consider same for any purpose. Under this procedure we are of the opinion that no error was shown, nor do we think any harm resulted to appellant from such remarks.

Bill No. 31 complains because of the argument of the district attorney, when used relative to the State being unable to offer the facts of specific instances of misconduct upon the part of appellant, the objectionable argument being: "Now, when we put them on the stand, they can pick out the specific things. They could have asked Professor Stephenson if he had known about him (meaning the defendant) putting sugar in that car," referring to State's witness R. L. Stephenson. Upon an objection to such argument the trial court "promptly sustained the objection and specifically instructed the jury that they could not con-

sider said argument for any purpose whatever, and withdrew the same from the consideration of the jury." Mr. Stephenson was used by the State, and he testified that appellant's reputation for being peaceable and law-abiding was bad; the witness was then examined by appellant's attorneys who questioned him about a certain recommendation in writing that witness had given to appellant, and witness further said that prior to July 22, 1944, he never knew of this appellant having been charged in court with any sort of law violation, nor had he known of his paying any fine prior to such date. We fail to see any error reflected in such bill.

Bill No. 32 is based upon an objection to the State's attorney's argument wherein he said: "So, it is the very thing we want to bring out, they object to it all the way through." In answer to an objection to such remark the careful trial court immediately instructed the jury to disregard such statement. We confess our inability to see any error manifested therein, but if such there be, surely the court's prompt instruction eliminated the same.

Practically the same circumstances are present and complained of in bill of exceptions No. 33, and our ruling thereon is the same as just above.

Bills Nos. 34, 35 and 36 all relate to paragraph 14 of the trial court's charge concerning the law of a suspended sentence. Taken as a whole, we do not think such paragraph is susceptible to the objections leveled thereat.

Bill No. 37 we think is also without merit, it being necessary to take into consideration all of paragraph 3 of the court's charge rather than but an isolated portion thereof. While in said paragraph three the trial court did not tell the jury that previous unchastity upon the part of a female between the ages of fifteen and eighteen years was a complete defense to a charged act of intercourse, the court did in paragraph 8 of such charge go into the matter and fully instruct the jury relative thereto.

We are of the opinion that bills Nos. 38 and 39 are without merit, and are overruled.

In a preliminary motion filed by appellant he sought to have the trial court instruct the district attorney not to make inquiry or reference to a certain indictment for arson, alleged to be pending against appellant at the time of this trial, when

examining appellant or any of his witnesses. We think the fact of this indictment having been found was a material matter, not only relative to appellant's credibility but also on account of his request for a suspended sentence. Where such a request is properly filed, the reputation of an accused *at the time of the trial* becomes a material matter. See Page v. State, 114 Tex. Cr. R. 431, 25 S. W. (2d) 840; Moore v. State, 144 Tex. Cr. R. 145, 161 S. W. (2d) 83; Ott v. State, 235 S. W. 903; Mason v. State, 236 S. W. 93; Williams v. State, 83 Tex. Cr. R. 26, 201 S. W. 188. Nevertheless it is to be noted that the trial court expressly limited the testimony relative to the indictment for arson to the credibility of the witness only.

Believing that this cause has been properly tried, the judgment will be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Two propositions are stressed in appellant's motion for rehearing which, under different circumstances, would call for a conclusion different to that reached by this court in the original opinion. The argument presented on these propositions is undoubtedly sound under a proper record. The conduct of the District Attorney in this case, in asking about numerous acts of alleged misconduct, might be reversible error had all the circumstances of the case been as viewed by appellant in his motion. However, we notice that in examining the character witnesses called by appellant, on direct examination, counsel sought to prove and did in some instances show that "prior to the date mentioned by counsel I have never heard of this boy being charged with any sort of violation of law. I have never known of him having paid a fine of any description prior to July 22, 1944." (S. F. page 160, testimony of J. D. Wheeler.) Again, on page 164, we find from the testimony of Jack Riggs, on direct examination, the identical statement above quoted. The same and similar evidence was given by other witnesses. On cross examination of these witnesses the District Attorney asked the questions complained of in the many bills of exception fully treated in the original opinion. In view of the direct testimony, we think the questions were warranted.

While testifying in his own behalf appellant was asked, on cross examination, if he was under indictment for burning the school house in Cooper. Such indictment was admitted and there

can be no complaint that the State had a right to show the existence of such indictment. On redirect examination the appellant's counsel, according to the court's qualification of Bill No. 29, asked the following question. "I will ask you to state to the jury whether or not you are guilty of the charge of arson which the District Attorney asked you about." One might be guilty of burning the school house and still not be guilty of arson. He might be guilty of arson when acting as a principal, even though he did not actually do the burning. Consequently, the witness was being called upon to answer a question of law as well as fact. Had the inquiry been on a question of fact alone he should have been permitted to answer. The trial court's view that it was a self serving declaration would hardly be tenable. He was on the witness stand for the purpose of making self-serving declarations. That was the effect of his testimony, and properly so. The right to reach the conclusion of law, that he is not guilty of arson, is not available to the witness. For this reason the bill can not be sustained.

In the view of the writer, all other questions were disposed of in the original opinion in accordance with the holdings of this court. The motion for rehearing is overruled.