EUGENE BAKER V. STATE.

No. 24777. May 24, 1950.

*Curtis Douglass,* Pampa, and *C. S. Farmer,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for rape, with a sentence of five years.

Appellant was indicted in Roberts County on two counts,

the first charging rape and the second sodomy. The case was transferred to Wheeler County, from which the appeal comes.

There is no issue challenging the sufficiency of the evidence to support a conviction. This is true even though the testimony of the prosecutrix was such as to raise a serious question in the minds of any jury as to her veracity. We deem it necessary to discuss only the questions raised by Bills of Exception Nos. 8, 9 and 10, which complain of questions asked and the answers given by certain character witnesses.

The appellant had asked for a suspended sentence and the jury gave him only five years, under circumstances which, if the evidence of the prosecuting witness had been given full faith and credit by the jury, would have warranted a much more severe penalty. Having assessed a five year penalty, the jury could, if it so desired, have suspended the sentence, and probably would have done so except for the evidence complained of.

In support of his plea for suspended sentence the appellant introduced a number of character witnesses. Bill No. 8 complains of the following questions being asked the witness Green: "How many times have you known of him (meaning the defendant) being arrested and convicted of drunkenness? * * * You don't know of that occasion of that time when Baker was arrested on the highway with a couple of other fellows and brought in and plead guilty and paid a fine for drunkenness?" Appellant timely objected to the foregoing questions and, upon such objections being overruled, the witness answered that he did not know of such times.

Bill of Exceptions No. 9 complains of the following questions being asked of R. S. Lagow, a character witness: "Were you in company with Baker and another man down on the highway East of Canadian some time ago, when you were arrested by Jack Seals and charged with drunkenness and paid a fine in Canadian—are you the same Lagow that was in that?* * * I am asking you if you haven't already been tried for it and plead guilty and paid a fine for being drunk when Jack Seals got you and Baker and another man down on the public highway in Hemphill County, Texas, sometime ago—aren't you the same Lagow?" Timely objection was made to the foregoing question but the witness was compelled to answer and said, "That's right."

Bill of Exceptions No. 10 complains of the questions asked

Walter L. Worley, a character witness, to the effect as follows: "Did you know about the time when he (meaning the defendant) was arrested out on the highway in company with some other men and brought in and plead guilty and paid a fine for drunkenness on a public highway? * * * If you had known about that, would it have any influence on your testimony where you say his reputation is good—could have had some influence if you had known about it." Timely objection was made to the questions and answers and the witness was compelled to answer, which he did by saying, "No, Sir, Could have, Yes, Sir."

In support of his contention that the evidence was improper cross-examination of the witnesses named, appellant has cited and relies upon the case of McNaulty v. State, 138 Texas Crim. Rep. 317, 135 S. W. 2d 987; Stewart v. State, 148 Tex. Cr. R. 480, 188 S. W. 2d 167; and Wilson v. State, 154 Tex. Crim. Rep., 140, 255 S. W. 2d 565. We think that these cases are in point and sustain appellant's contention, requiring a reversal of the case.

We would hardly know how to discuss the question now before us and make the holdings of this court any more clear than is done in the foregoing cases, particularly in the McNaulty case. The rule and the reason for it are thoroughly discussed. These authorities are not new, but are supported by a long line of cases. In the case before us the private prosecutor was not cross-examining the witnesses on their knowledge of the reputation of the accused, but he was inquiring into their personal knowledge of his conduct. This is not admissible. The questions must be construed as assertions that these things did occur and constitute unsworn evidence before the jury on matters that were not proper for impeaching purposes, even if testified to by witnesses. Under all of the circumstances of the case, we cannot say that it did not make a difference with the conclusion reached by the jury, particularly on the question of the suspension of his sentence.

Other issues raised by the appeal are not discussed because they will, in all probability, not occur upon another trial.

The judgment of the trial court is reversed and the cause is remanded.